## James S. Tracey, Appellee, v. Chicago Railway Company et al.

### On Appeal of Chicago City Railway Company, Appellant.

### Gen. No. 18,955.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 3, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by James S. Tracey against Chicago Railway Company and others for damages for personal injuries sustained as the result of a collision between defendant's car and a wagon which plaintiff was driving. From a judgment for plaintiff, defendant, Chicago City Railway Company, appeals.

JAMES G. CONDON and CHARLES LE ROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

GALLAGHER & MESSNER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 140*—*instructions singling out facts.* In an action for personal injuries sustained as the result of a collision between a street car and a wagon which plaintiff was driving, an instruction which singles out the fact that certain passengers on the car saw the wagon in time to avert a collision, and that it was the duty of the motorman at that time to see what the passengers saw, is erroneous.

2. NEGLIGENCE, § 216*—*instructions invading province of jury.* An instruction telling the jury what the particular act of defendant's servant must be to be within the exercise of ordinary care is erroneous as invading the province of the jury.

3. STREET RAILROADS, § 142*—*instructions invading province of jury.* An instruction in an action for personal injuries due to a collision between a street car and a wagon driven by plaintiff, that if the wagon was crossing the track when the car was at a certain street intersection it was the duty of the motorman, at that time, to attempt to control or check the progress of the car, and if he did not do so, at that time, his failure in that respect constituted negligence, is erroneous as invading the province of the jury.

4. NEGLIGENCE, § 216*—*instructions singling out facts.* An instruction which singles out particular facts and tells the jury that, singly, such facts do not constitute any defense, is erroneous, when in law they, together with other facts and circumstances, con-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

stitute proper matter to be considered by the jury in determining whether or not all the facts and circumstances made out a defense.

5. Street railroads, § 142*—*instruction on facts constituting negligence.* Where there was a conflict in the evidence as to the distance of a street car from a wagon at the time the driver of the latter attempted to cross the track, an instruction that: "It is negligence for a motorman in charge of a street car to run said car at such a rate of speed that he cannot stop said car within the distance at which he could, by the exercise of ordinary care on his part, see an obstruction ahead of him on the track," is erroneous.

6. Street railroads, § 62*—*mutual obligations as to use of streets.* The driver of a wagon and the employes of a street rail-way company operating a street car, using the street in common, are bound only to exercise ordinary care to avoid injuring each other.