George Hoffman, Appellee, v. Yellow Cab Company, Appellant.

## Gen. No. 30,165.

1. HIGHWAYS AND STREETS—*presumptions as to what is seen by taxicab driver.* Since position of taxicab driver gave him a better opportunity than his passenger to see an approaching automobile, he must be presumed to have seen what was visible to passenger.

2. CARRIERS—*when contributory negligence of passenger in taxicab for jury.* Whether failure of passenger in taxicab to warn driver of approach of another automobile was negligence, and whether it contributed in any degree to a collision, held for jury.

3. APPEAL AND ERROR—*variance not raised below not reviewed.* Question of variance not being raised in trial court cannot be raised on appeal.

4. PLEADING—*when variance immaterial.* Where declaration of passenger in taxicab injured in collision alleged that cab "ran into and collided" with the other automobile, and the proof was that the other automobile "ran into and collided" with defendant's cab, an objection that there was a variance was hypercritical.

Appeal by defendant from the Superior Court of Cook county; the

Hon. WILLIAM N. GEMMILL, Judge, presiding.  Heard in the second division of this court for the first district at the March term, 1925. Affirmed.  Opinion filed October 6, 1925.

SAMUELS & GROSSMAN and C. C. CUNNINGHAM, for appellant.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

By this appeal the defendant seeks to reverse a judgment against it for $1,500 for damages sustained by plaintiff, who was a passenger in one of defendant's cabs, on the night of November 19, 1922.   Plaintiff lived east of Washington park and took the cab in front of an elevated railroad station on 55th street west of Washington park.   The cab driver drove east on 55th street into the park and along the road through the park nearly to a point where the road forks, one branch going to the left towards 54th street, and the other going to the right towards 57th street.   After the cab entered Washington park, the driver turned to the left of the center of the street, apparently to go into the left-hand fork of the road. At that time, the plaintiff, from his position on the rear seat of the cab, saw the lights of an automobile approaching about 250 feet to the east, but did nothing and said nothing to the driver.   A little further on, the cab driver turned abruptly into the south fork of the road and was struck and overturned by the other automobile.

Defendant contends that the court erred in not directing a verdict for the defendant at the close of the plaintiff's evidence, for the reason, it is said, that plaintiff was guilty of contributory negligence as a matter of law, in failing to warn the driver of the approach of the other automobile.   The driver did not testify.   His position gave him a better opportun-

ity than the plaintiff had, to see the approaching automobile, and he must be presumed to have seen what was visible to the plaintiff. But, if he did not see it, it does not follow, as a matter of law, or a necessary conclusion of fact, that plaintiff's failure to warn the driver was negligence on his part or that it contributed in any degree to cause the accident in question. Whether he was guilty of contributory negligence was a question of fact upon which reasonable minds may reasonably differ. A warning to the driver from a rear-seat passenger might well distract the driver's attention, thereby tending rather to cause than to prevent such an accident. As is aptly said in *Hedges v. Mitchell*, 69 Colo. 285, 289: ''The rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent. The place for a passenger who knows better than the driver  *  *  *  when, where, and how it should be operated is at the wheel.'' The court did not err in refusing to direct a verdict.

The only other point urged is that there was a variance between the proof and the declaration. As to this, it might be sufficient to say that the question of variance was not raised in the trial court, and therefore cannot be raised here. However, the alleged variance consists in this, that the declaration alleges that defendant's cab ''ran into and collided'' with the other automobile, while the proof is that the other automobile ''ran into and collided'' with defendant's cab. The objection is hypercritical. The declaration alleges there was a collision, and the proofs show that allegation to be true.

The judgment is affirmed.

*Affirmed.*

Barnes, P. J., and Gridley, J., concur.