Magdalena Hagen, Appellant, v. George Bailus et al., Appellees.

Gen. No. 38,542.

Opinion filed December 31, 1935.

JOHN R. WALL, of Chicago, for appellant; LLOYD C. WHITMAN, of Chicago, of counsel.

ANSON H. BROWN and TAYLOR, MILLER, BUSCH & BOYDEN, for certain appellees; ANSON H. BROWN, ORVILLE J. TAYLOR, JOHN S. MILLER and DAVID S. SAMPSELL, all of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff while riding as a passenger in an automobile owned and driven by defendant Fred Geck, was

injured through a collision with another automobile at a road intersection; she brought suit against Geck and George and Clarence Bailus, the owner and driver, respectively, of the other automobile. Upon trial the court instructed the jury to find George and Clarence Bailus not guilty, and from the judgment on the verdict to this effect plaintiff appeals.

The trial court was of the opinion that the evidence failed to show that plaintiff, a guest, exercised due care, hence she was guilty of negligence contributing to the accident and could not recover.

The accident happened at two o'clock p. m. on a bright afternoon, January 22, 1933; the Geck automobile with the plaintiff was proceeding westward along the Warrenville road; at the same time the Bailus car was going northerly on route 59, approaching the intersection with the Warrenville road; plaintiff was 55 years old; she was sitting in the back seat on the left side, her husband next to her, and her brother, Mr. Baier, was sitting on the right side of the rear seat; it was a closed car. Plaintiff testified she did not know how to drive an automobile and, as she sat in the car, could not judge of the approximate speed it was going; she said that the first she knew of the accident was when she felt the shock of the collision.

Defendant Geck testified that as he approached the intersection of Warrenville road and route 59 he was going westward at about 25 to 30 miles an hour; that there were no buildings on the corner except a farmhouse on the north side of Warrenville road about 200 or 300 feet east of route 59; that he saw the Bailus car on route 59 when it was 300 to 400 feet to the south of the intersection; that he stopped his automobile at a stop sign which is about 10 or 15 feet from the edge of the concrete roadway on route 59; that he started up his car and went into second speed to get out of the way of the Bailus car but the Bailus car struck his car in the side near the hind end.

We thus have a situation where the driver of the car in which plaintiff was riding saw the other car and, in his judgment, had sufficient time to cross route 59 before the Bailus car came on the intersection. It is well settled that even where a plaintiff may be guilty of negligence he will not, for this reason alone, be prevented from recovering in an action for injuries unless it is also shown that such negligence contributed to the accident. *Lerette v. Director General of Railroads,* 306 Ill. 348; *Jeneary v. Chicago & Interurban Traction Co.,* 306 Ill. 392; *Pienta v. Chicago City Ry. Co.,* 284 Ill. 246; *Pollard v. Broadway Cent. Hotel Corp.,* 353 Ill. 312.

Moreover, a passenger in an automobile need not warn the driver of the approach of other automobiles which the driver sees. In *Hoffman v. Yellow Cab Co.,* 238 Ill. App. 269, the passenger failed to warn the driver of the approach of the other automobile. It was held it must be presumed the driver saw the approaching automobile, but even if the driver did not, it was a question of fact to be determined by the jury whether plaintiff was guilty of contributory negligence, and quoted with approval *Hedges v. Mitchell,* 69 Colo. 285, where it was said, ''The rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent.''

In *Schultz v. Live Stock Nat. Bank of Chicago,* 278 Ill. App. 623 (Abst.), we said if the driver sees an approaching automobile, and is watching it, it is not necessary for a guest to call the driver's attention to it. In Berry on Automobiles (7th ed.), vol. 5, commencing on page 255, the author has collated a large number of cases supporting the proposition that a passenger is not negligent in failing to warn the driver of a danger if the driver is already aware of it. In *Hermann v. Rhode Island Co.,* 36 R. I. 447, the rule is stated that:

''It cannot be said as a matter of law that such guest or passenger is guilty of negligence because he has done nothing. In many such cases the highest degree

of caution may consist of inaction. In situations of great and sudden peril meddlesome interference with those having control, either by physical act or by disturbing suggestions and needless warnings may be exceedingly disastrous in its result. While it is . . . the duty of such guest or passenger not to submit himself and his safety solely to the prudence of the driver of the vehicle, and that he must himself use reasonable care for his own safety, nevertheless he should not in every case be held guilty of contributory negligence merely because he has done nothing. If there be threatened danger which is known to the passenger and unobserved by the driver the passenger would be guilty of negligence if he failed to notify and warn the driver. . . ."

Cases cited by the defendants, upon which the trial court seemed to have relied in directing a verdict for defendants, can be readily distinguished from the instant circumstances. *Opp v. Pryor,* 294 Ill. 538, involved a collision between an automobile and a freight train; the plaintiff, a passenger in the automobile, testified she did nothing in connection with the driving; the driver of the automobile testified that she looked and did not see the freight train although she was familiar with the crossing. In *St. Clair Nat. Bank of Belleville v. Monaghan,* 256 Ill. App. 471, it was pointed out that in the *Opp* case the passenger had an equal opportunity with the driver to observe danger in crossing a railroad track and should have warned the driver. But the opinion also said that a passenger in an automobile approaching a street intersection involves a situation not analogous to the class of cases which requires the passenger to be on the lookout for approaching trains at a known dangerous point, and it was held that whether a passenger in an automobile was bound to warn the driver of a street intersection presented a question of fact to be submitted to a jury. *McDermott v. McKeown Transp. Co.,* 263 Ill. App. 325, presented the situation

of an automobile running in a dense mist or fog at night with the headlights showing only about 8 or 10 feet ahead. It was held that these conditions were so dangerous that plaintiff should have warned the driver he was driving too fast under the circumstances. In *Dee v. City of Peru,* 343 Ill. 36, cited by defendants, the automobile in which Dee was riding as a guest ran into an open draw bridge into a river; Dee, the passenger, was drowned; upon trial there was no evidence as to his conduct, the driver testified he did not see that the bridge was open or that the barrier gate was shut or the bridge tender waving them to stop. The court found there was no evidence that the deceased, Dee, called the driver's attention to the danger confronting them; that the accident happened in broad daylight, and that the failure of any evidence that deceased did anything to prevent the accident barred a recovery.

In these cases the driver of the automobile failed to notice the danger. That is not the situation in the present case. Here the driver, Geck, saw the Bailus automobile approaching on the other road and governed himself accordingly in the management of his automobile. Nothing that plaintiff could have said or done would have given the driver greater knowledge of the circumstances than he already had.

In the light of the decisions above referred to it cannot be said, as a matter of law, that plaintiff was guilty of contributory negligence, and we hold that the trial court was in error in this respect.

Respective counsel have argued at too great length matters which are not pertinent to the single question presented, namely, was plaintiff guilty of contributory negligence as a matter of law? We are deciding this question in the negative, and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.