George Coukoulis, Appellee, v. Rose Schwartz, Executrix of Estate of Ike Schwartz, Deceased, Appellant.

Heard in this court at the May term, 1938. ▉▉▉▉▉▉ Opinion filed November 7, 1938.

WHEELER, OEHMKE & DUNHAM, of East St. Louis, for appellant; E. FRED GEROLD, JR., of East St. Louis, of counsel.

HILES & NEWELL, of Edwardsville, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

On March 23, 1938, defendant appellant, hereinafter called defendant, filed in this court her petition asking leave to appeal from an order of the trial court granting to plaintiff appellee, hereinafter called plaintiff, a new trial. We allowed this petition and the appeal is prosecuted in pursuance thereof. The trial court granted the new trial "for the reason of errors in the instructions given to the jury by the court."

We do not feel that we are concerned here with the giving or refusal of peremptory instructions, or with the question of an intervening cause being the proximate cause of plaintiff's injuries. Those questions are not within the scope of this review. Whether the court in granting to plaintiff a new trial for the reason stated by the court either abused its discretion or proceeded upon some clear or manifest misapprehension of a

supposed controlling rule of law, is the question to be determined here.

In the early morning of April 21, 1934, fire broke out in the Star Hotel in Edwardsville. At that time plaintiff with his family of a wife and two daughters resided in room 25 of said hotel. In attempting to escape from the burning hotel plaintiff fell to the sidewalk and was seriously injured.

Plaintiff brought an action at law against Ike Schwartz, the owner of the hotel, for injuries to his person suffered when he fell to the sidewalk or pavement from a ladder while descending from a canopy over the entrance to the hotel. The hotel was partially destroyed by fire on that morning and plaintiff had climbed out of one of the windows of the room occupied by him on the second floor of the building to the canopy. The suit was tried on counts I and II of the amended complaint and additional counts I and II. At the conclusion of plaintiff's evidence the court, on motion of the defendant, directed verdicts in favor of the defendant on counts I and II of the amended complaint and the second additional count, and denied the motion as to the first additional count. That count, as amended following the death of Ike Schwartz by substituting Rose Schwartz, as executrix of his estate, alleged the operation of the Star Hotel by Ike Schwartz in his lifetime, the occupancy of a room therein by plaintiff and his family, that the hotel was made throughout of wood and other combustible substances, except for the outer walls, which were of brick, and that on August 21, 1934, while the plaintiff was sleeping in a bed on the second floor of the two-story building, and while in the exercise of due care and caution for his own safety, the hotel caught fire and burned; the count alleged the maintenance by the city of Edwardsville of a fire department, with active firemen and available equipment, and that the engine house was supplied with telephone

and fire alarm equipment; that it was the duty of the defendant, his agent and servant, in the exercise of ordinary care, to use due diligence upon the discovery of the fire to at once give the alarm to the fire department and to call the plaintiff or awaken him and warn him of said fire; that the defendant, after discovering the fire, wholly failed and neglected to call or awaken the plaintiff or warn him of said fire and waited and neglected to call the fire department or to give any alarm, until the proprietor of the restaurant returned and unlocked the door and an attempt was made to put out the fire by hand, in all of which time several minutes, to wit, 15 or 20 minutes, elapsed from the time the fire was first discovered by the defendant until the alarm was given to the fire department, during which time the fire had spread to such an extent that plaintiff, when awakened by the sound of the siren on the fire engine, found egress through the hallway and stairway cut off and blocked by fire and smoke, and that plaintiff's only means of escape was to leap through an outer window onto a canopy over the entrance to the hotel on Main street which was partially enveloped in smoke and flames and from which it was necessary for him to escape by descending on a ladder; and that while so descending on said ladder, which was not securely fastened to said canopy and the street below, said ladder turned and fell to the pavement, throwing the plaintiff with great force and violence to the pavement, whereby he suffered great bodily injury and pain.

The answer of the defendant admitted the ownership and operation of the hotel, the existence of the fire department and other matters set forth by way of recital, but denied that defendant's testate waited or neglected for 15 or 20 minutes or any other unreasonable length of time to call the fire department, and averred that the fire department was called and warning given to the plaintiff and others occupying rooms

in the hotel as soon as was reasonably possible when the seriousness of the fire was discovered; denied the extent and progress of the fire, that all means of escape was gone except through the window, which opened on Main street, and averred that other means of escape were available; averred that if plaintiff was thrown to the street through the falling of the ladder, the same did not result from any carelessness or negligence of the defendant, and further averred that plaintiff's fall from the ladder was the result of his own negligence or some person other than the defendant, and that such fall was a separate, intervening cause from any allegations of negligence against the defendant.

The case rests upon the allegation that defendant did not use due diligence in warning plaintiff of the fire and in calling the fire department. We are of the opinion that the facts and circumstances warranted the trial court in submitting this issue to the jury. The fire was discovered on the morning as best we can get from the evidence between 5:30 and 5:40. The fire department was not called until about six. The call went through promptly. Apparently the fire department acted promptly. They arrived upon the scene about three minutes after six.

There is a strong suggestion in the evidence that Schwartz, Betzold and Christ tried to put the fire out with dishpans of water before the fire department was called. The ceiling was red hot for 15 feet by the time the department arrived. This indicates that some time, perhaps more than warranted, elapsed between the discovery of the fire and the calling of the department. The call for plaintiff and the other guests of the hotel was made after the department had been called. Maybe the warning given plaintiff was sufficient to awaken him, maybe it was not. Some one answered the call of Betzold, so he said; the evidence does not disclose who it was. The daughters of plain-

tiff say that they were awakened by the noise of the siren on the fire engine. On the other hand, the witness Betzold testified to a state of facts contradictory of many of the foregoing facts. According to his testimony, he called the fire department at once on seeing that the fire was under way, and immediately gave warning to the guests that the hotel was on fire. Betzold was corroborated in his testimony by the witness Walsh. Nevertheless an issue of fact was raised, one not easily determined from the evidence. It, therefore, became important that the jury which was to determine this issue of fact be correctly instructed. The plaintiff offered no instructions. The court gave a number of instructions tendered by defendant, No. 8 of which is as follows:

"If you believe from the evidence that when the witness, Betzold, discovered smoke from the fire in question, both he and the defendant's intestate used reasonable and ordinary care in ascertaining the location and extent of the fire in question, and that after having done so, the witness, Betzold, exercised reasonable and ordinary care in notifying the Fire Department, after which he went immediately to the hallway where the plaintiff's room was located, knocked on the doors and otherwise sounded a warning to the persons, including the plaintiff, occupying the rooms adjoining said hallway of the fact that said building was on fire, and if you further believe from the evidence that said witness, Betzold, used ordinary and reasonable care in an effort to warn the plaintiff of said fire, then under all such facts and circumstances, if you so find them from the evidence, it is your duty to return a verdict in favor of the defendant."

This instruction should not have been given. It invades the province of the jury by telling them what acts constitute due care; it is peremptory in its nature without reciting important facts and circumstances

which might be controlling in the case. It singles out and gives undue prominence to the testimony of one witness, and virtually tells the jury if they find these facts from the testimony of the one witness they would be warranted in finding the defendant not guilty. Such instructions have been condemned over and over. (*Peters v. Madigan*, 262 Ill. App. 417; *Adamsen v. Magnelia*, 286 Ill. App. 412; *Tanner v. Clapp*, 139 Ill. App. 353; *Tracey v. Chicago Ry. Co.*, 185 Ill. App. 125.)

It is to the credit of a trial judge, who must pass upon instructions at the most difficult hour of the trial, to correct its errors, if errors intervene, at the earliest possible moment. The trial court did not err in this case in granting a new trial and its judgment in that regard is affirmed.

*Judgment affirmed.*