Aimee Schwartzenberg, Harry J. Schwartzenberg, as Executor of the Estate of Harry F. Schwartzenberg, Deceased, and the Inter-Insurance Exchange of the Chicago Motor Club, Plaintiffs-Appellants, v. Midwest Transfer Company of Illinois, a Corporation, and Ralph Lee Brethouwer, Defendants-Appellants.

Gen. No. 47,936.

First District, Second Division.

November 1, 1960.

 

 ██

Thomas J. Cavanagh, of Chicago, for appellant Inter-Insurance Exchange of the Chicago Motor Club, and John J. Kennelly and Warren J. Hicky, of Chicago, for appellants Aimee Schwartzenberg and Harry J. Schwartzenberg, as executor of the estate of Harry F. Schwartzenberg, deceased (Maurice J. McCarthy, John J. Kennelly, and James P. Chapman, of counsel).

Michael A. Gerrard, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Three separate suits involving claims for damages against Midwest Transfer Company and Ralph L. Brethouwer were filed in the Superior Court of Cook County. Aimee Schwartzenberg sued for personal injuries; Harry J. Schwartzenberg, as executor of the estate of Harry F. Schwartzenberg, deceased, sued to recover for the wrongful death of decedent; and Inter-Insurance Exchange of the Chicago Motor Club sued as subrogee of Harry F. Schwartzenberg for property damages to an automobile on which it carried insurance coverage. These claims were consolidated for trial and, pursuant to stipulation, only the claims of Aimee Schwartzenberg and Harry J. Schwartzenberg, as executor, were submitted to the jury; it was agreed that the property damage to the automobile owned by decedent was $1598.00; that the court would enter judgment in accordance with the verdicts and judgments entered in the suits brought by Aimee Schwartzenberg and Harry J. Schwartzenberg, as

executor, and that the appeal of Inter-Insurance Exchange would be determined by the appeals in the other two cases. Brethouwer was dismissed on motion of plaintiffs at the close of the evidence. The jury returned verdicts finding Midwest Transfer Company not guilty, and the court entered judgment in favor of defendant.

Aimee Schwartzenberg was injured, and her husband, Harry F. Schwartzenberg, died, as the result of the collision between their automobile and a truck owned and operated by the Midwest Transfer Company of Illinois and driven by Brethouwer. The accident occurred on March 22, 1952, about six-thirty in the morning, at the intersection of Routes 83 and 30 in Illinois. The Schwartzenbergs had started out from their home on West 111th Street in Chicago on a trip to Wilmington, Delaware. The weather was misty, the streets wet; their windshield wipers were operating. As they were proceeding in a southerly direction on Route 83 and reached the intersection of Route 30, which was approximately ten miles from their home, decedent came to a full stop for about fifteen seconds. Mrs. Schwartzenberg, who was sitting beside her husband in the front seat, testified that she looked but saw no vehicles coming. At a speed of about three miles per hour her husband then proceeded to cross the intersection in order to reach the outer or more southerly lane of Route 30 which ran in a southeasterly direction. Just as their automobile had passed the center line of Route 30, she observed two trucks to her left approaching side by side, about 600 feet on Route 30, going about forty to forty-five miles per hour. When the Schwartzenberg automobile reached the outer lane of Route 30 the trucks were about 100 feet away. She testified that she saw the driver of the truck which later collided with their car and which was in the lane nearer the center, turn his head as

34

if to talk to the driver of the other truck which was alongside him in the outer lane. When the trucks were about twenty-five feet away from the Schwartzenberg car, the Midwest truck veered into the lane for cars coming in the opposite direction, which was the lane in which Schwartzenberg was driving; the Midwest truck collided with the left side of the Schwartzenberg auto; the truck did not change its speed prior to the impact, and Mrs. Schwartzenberg testified that she did not see the driver Brethouwer "turn his head back at all." Decedent was apparently killed instantly, and Mrs. Schwartzenberg was severely injured.

The testimony with respect to the circumstances immediately preceding the collision is conflicting, but since the case will in all probability have to be retried, we refrain from further comment thereon.

As the sole ground for reversal it is urged that the trial judge erred in giving the jury, at the request of defendant, several instructions which were peremptory in nature and constituted incorrect and inapplicable statements of the law, and which, in effect, directed verdicts for defendant. The major portion of plaintiffs' briefs is directed specifically to criticism of these instructions, and their counsel say that since the case was close on the facts, the instructions given constitute reversible error. Defendant counters that the verdicts of not guilty were amply supported by the evidence, and that the case was not close on the facts; and with respect to the criticism leveled at the charge of the jury, its counsel, without answering any of the criticisms directed to the instructions, takes the position that on appeal the court will not review the instructions where the record shows no objections thereto, particularly where the alleged errors are raised for the first time on appeal, as he contends. Counsel asserts that when the case was concluded, and in ac-

35

cordance with paragraph 67(3) of the Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110), the instructions to the jury tendered by both parties were arrived at without objection by either party in a conference with the court, and he argues that the record discloses no objection having been made to any instruction tendered and given by the court to the jury. Plaintiffs' counsel, on the other hand, argue that "the record does not contain one scintilla of evidence that a conference on instructions was held in the trial court or that the instructions were tendered 'without objection by either party,' " and they say that "defendant at this late date is not permitted to go behind this record in order to support its claim that plaintiffs agreed to defendant's instructions and that errors to the subject instructions were allegedly waived." One of the difficulties attending these divergent views arises from the fact that Geoffrey Fleming, the trial counsel for plaintiffs, died shortly after the case was concluded and before the motion for a new trial was argued. It is clear, however, that plaintiffs filed a very comprehensive post-trial motion, asserting every error in the instructions now urged on appeal.

We have gone to the record to ascertain the facts. It appears that on June 30, 1959 the trial judge entered the following order:

"This cause having come on to be heard on the motion of the plaintiffs for a new trial, and the plaintiffs having filed a brief herein, which has been filed with the Clerk of the Court; and it further appearing to the Court that Attorney Geoffrey Fleming, attorney for the plaintiffs, AIMEE SCHWARTZENBERG and HARRY J. SCHWARTZENBERG, as Executor of the Estate of HARRY F. SCHWARTZENBERG, Deceased, has died since the filing of this case and prior

36

to the hearing of the motion; and it further appearing to the Court that there is no stenographic transcript concerning arguments relating to objections to instructions; and it further appearing to the Court that due and proper objection was made by Attorney Geoffrey Fleming on the behalf of said plaintiffs to each and every instruction tendered and given on behalf of the defendant; and the court being advised in the premises;

"IT IS ORDERED that the motion for a new trial is denied."

█ It thus appears that although no stenographic transcript concerning arguments relating to objections appears of record, the court certified in its order that "due and proper objection was made by Attorney Geoffrey Fleming on the behalf of said plaintiffs to each and every instruction tendered and given on behalf of the defendant." In the circumstances, we hold that plaintiffs are free, and within their rights on appeal, to challenge the validity of the instructions criticized in detail in their briefs. Defendant makes no attempt to reply.

█ In defendant's Instruction 13, the jury were told that before plaintiffs could recover they must prove the following propositions:

"First: That the plaintiff and the deceased were exercising ordinary care for their own safety and that of their property at and just prior to the time of the accident in question;

"Second: That the defendants were guilty of negligence as defined in these instructions; and

"Third: That such negligence was the proximate, direct cause of the damages and injuries complained of by the plaintiffs."

This being a peremptory instruction, it had to contain all the elements necessary to sustain a verdict and

cannot be cured by any other instructions. Ratner v. Chicago City R. Co., 233 Ill. 169, 84 N. E. 201; Illinois Iron & Metal Co. v. Weber, 196 Ill. 526, 63 N. E. 1008. Not only is the instruction incomplete but it is erroneous in that it instructed the jury that before any plaintiff could recover it was necessary to prove that both Aimee Schwartzenberg and the deceased were exercising ordinary care. This is not the law; the negligence, if any, of the driver is not imputed to a passenger. The passenger, to maintain his suit, is obligated to have exercised only such care as the circumstances required. Greene v. Citro, 298 Ill. App. 25, 18 N.E.2d 237; Hagen v. Bailus, 283 Ill. App. 249. Under the authorities, Aimee Schwartzenberg had no duty, on her own behalf, to prove that the deceased was exercising ordinary care, and the instruction thus cast an unwarranted burden upon her.

Defendant's Instruction 23 instructed the jury that if they found that it was apparent to the plaintiffs that if they proceeded into the intersection "a collision between said vehicles would be imminent, . . . as a matter of law . . . it was . . . the duty of the plaintiffs to remain standing at said intersection so as to permit the defendants' truck to proceed across said intersection." It is erroneous to place an equal burden upon both plaintiffs, the passenger as well as the driver; the passenger is not in control of the car. Bliss v. Knapp, 331 Ill. App. 45, 72 N.E.2d 566, Lasko v. Meier, 327 Ill. App. 5, 63 N.E.2d 531, and Hoffman v. Yellow Cab Co., 238 Ill. App. 269, hold it to be reversible error for an instruction to impose such a duty on a passenger. The instruction also seems to suggest that it was the duty of the driver to wait at the intersection until defendant's truck had passed; this phase of the instruction virtually directs, rather than enlightens, the jury. See Monroe v. Illinois Terminal R. Co., 346 Ill. App. 307, 312, 105 N.E.2d 549; Harsh

38

v. Illinois Terminal R. Co., 351 Ill. App. 272, 281, 114 N.E.2d 901; and Coukoulis v. Schwartz, 297 Ill. App. 377, 382 and 383, 17 N.E.2d 601.

■ Defendant's Instruction 3 likewise stresses the duty of plaintiffs (again without distinguishing as to the duty of a driver and that of his passenger) and suggests the possibility, without a factual basis, that plaintiffs' vehicle "suddenly and unexpectedly and without the knowledge of the defendants, ran into the path of the defendants' truck and [that they] thereby placed themselves in a position of danger . . ." Under similar circumstances such a "sudden-danger" instruction was held reversible error in Kelly v. C. Iber & Sons, Inc., 17 Ill.App.2d 388, 395 et seq., 150 N.E.2d 372, in Randal v. Deka, 10 Ill.App.2d 10, 22, 134 N.E.2d 36, and in McLaren v. Byrd, Inc., 296 Ill. App. 345, 355 and 356, 15 N.E.2d 993.

■ ■ Defendant's Instruction 8, on the subject of contributory negligence, again fails to distinguish between the conduct required of a driver and that required of his passenger. Defendant's Instruction 22, dealing with impeachment, states that "one mode of impeaching a witness is by showing that he or she has made different and contradictory statements on a material point . . . ," but nowhere in the series of instructions is there a definition of "a material point," thus leaving the jury without guidance; see Alexander v. Sullivan, 334 Ill. App. 42, 45, 78 N.E.2d 333, and Risch v. Consumers Petroleum Co., 321 Ill. App. 438, 455, 53 N.E.2d 286. Plaintiffs also object to defendant's Instructions 18 and 22, but since we hold that the instructions reviewed here in detail constitute reversible error we feel it unnecessary to discuss these latter two instructions.

■ Defendant's Instructions 13, 23, 3, and 8 were peremptory; no one of them included all the elements necessary to a given statement of law, no one of them

■

distinguished between the duty owed by a driver and that owed by his passenger. Many of the instructions contained not-guilty phraseology, with the result that the jury may well have believed that they were expected to return a not-guilty verdict. Plaintiffs are entitled to submit their case on instructions that accurately and impartially state the law, and accordingly the judgments of the Superior Court are reversed and the cause remanded for a new trial as to all the plaintiffs.

Judgments reversed, and cause remanded for a new trial.

BURKE, P. J. and BRYANT, J., concur.