The West Chicago Street Railroad Company

*v.*

Patrick E. McNulty.

*Filed at Ottawa April 3, 1897.*

1. Negligence—*when instruction as to ordinary care is not conflicting.* An instruction that the plaintiff, as a passenger, need not exercise extraordinary care or the highest degree of prudence to avoid injury, but only such care as an ordinarily prudent person would use under the circumstances shown, does not state conflicting rules.

2. Same—*passenger not bound to use the highest degree of care.* A passenger upon a street car is not bound absolutely to use the highest degree of vigilance and care for his own safety.

3. Special Findings—*when special interrogatory is properly modified.* In an action for damages for injuries received by the plaintiff from

a collision between a coal wagon and a street car on which he was riding, the proper inquiry for a special interrogatory is, could he have avoided the injury by using ordinary care, and not, could he "have removed in time to avoid the injuries complained of."

*West Chicago Street Railroad Co.* v. *McNulty*, 64 Ill. App. 549, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

EGBERT JAMIESON, JOHN A. ROSE, and D. W. MUNN, for appellant.

WILLIAM DEVER, and CAVANAGH & O'DONNELL, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an action by appellee, against appellant, to recover damages for a personal injury alleged to have been sustained by reason of the negligence of the latter's servants. The cause was tried before a jury in the Superior Court of Cook county, where a verdict was returned in favor of the plaintiff for $2500. Judgment was entered on the verdict, and from said judgment an appeal was taken to the Appellate Court. From the judgment of affirmance in that court this appeal is prosecuted.

The amended declaration consisted of four counts. The first alleged, that on the fifth day of July, 1892, the plaintiff became a passenger on one of defendant's Milwaukee avenue cable cars, and that while he was in the exercise of due care and diligence for his safety, the car upon which he was riding was, by reason of the negligence of the defendant's servants, caused to collide with a certain wagon or vehicle, whereby the plaintiff was struck and thrown with great violence from the car. The second, that the defendant's servants negligently failed to notify and warn the plaintiff of the danger and proximity of the wagon. The third, that the defendant's servants

negligently failed to manage and control said cars so as to prevent a collision, and carelessly continued to operate said train at a great rate of speed.   The fourth, that the defendant negligently allowed the plaintiff to be thrown on the pavement of the street and dragged a great distance.

The first assignment of error is the giving by the trial court of the following instruction for the plaintiff:

"The court instructs the jury, the plaintiff, as a passenger, was not required by law to exercise extraordinary care or manifest the highest degree of prudence to avoid injury.   All the law required of him while traveling as a passenger was, that he should exercise ordinary care and prudence for his safety, such as ordinarily careful persons would exercise under the same circumstances as those shown in evidence."

It is said that the two sentences of the instruction are in conflict with each other if taken in a general sense, while if taken in a special sense they are erroneous because they pronounce a conclusion from the evidence, which the jury alone may lawfully determine.   This criticism is too refined.   The obvious and unmistakable meaning of the instruction is, that all the care required of the plaintiff was ordinary care, which is such a degree of care as ordinarily careful persons would exercise under similar circumstances.   A like instruction was approved by this court in *Chicago and Alton Railroad Co.* v. *Fisher*, 141 Ill. 614. The error is not well assigned.

The following instruction was offered in behalf of the defendant:

"The jury are instructed, as a matter of law, that ordinary care and prudence is the exercise of that care which every person of common prudence bestows upon his affairs and concerns, *and a person of ordinary prudence bestows the highest degree of vigilance and care upon his own affairs when danger surrounds him or he apprehends impending disaster.* The plaintiff was bound to exercise that degree of care,

and if by that degree of care on his part the accident might have been avoided, the plaintiff cannot recover in this case."

Before giving this instruction the court modified it by striking out the words printed in italics. This, it is insisted, was error. But it was not error. There was no evidence that the plaintiff had reason to apprehend disaster to himself until the very instant he was struck by the wagon. Moreover, the instruction, as asked, in effect told the jury that the plaintiff was bound, absolutely, to exercise the highest degree of vigilance and care. It assumed that he knew that danger surrounded him or that he apprehended impending disaster, when that was a question of fact for the jury to determine from the evidence in the case.

The court was requested, in behalf of the defendant, to submit to the jury the following special interrogatory:

"Could the plaintiff, by the exercise of ordinary reasonable prudence for his own safety, under all the circumstances which you find, from the evidence, surrounded him at the time of the *injury complained of in this case, have removed in time to avoid the injuries complained of?*"

But the court, before giving it, modified the same by striking out the words printed in italics and inserting in their stead the words, "accident in question, have avoided the accident and injuries complained of." This is assigned for error. We think the interrogatory was properly modified. As asked it presented a question that was not involved in the case. The plaintiff probably could have removed at any time before the wagon struck him; but would an ordinarily prudent person have done so? The proper inquiry was, not whether he might not have removed himself from the car, but was, being there could he have avoided the injury by the exercise of ordinary care and prudence.

It is next urged as a ground for reversal that the plaintiff's counsel made improper remarks to the jury and in

their presence.     These remarks counsel certainly should
not have made.     But the record shows that he promptly
retracted what he had said and duly apologized, and the
court instructed the jury to disregard the address and
argument of counsel when based upon anything not in
evidence.  We do not think, under the circumstances which
appear, that the rights of the defendant could have been
prejudiced.

   We find no material error in the record, and the judg-
ment of the Appellate Court will be affirmed.

*Judgment affirmed.*