# Anthony J. Schneider, by his Next Friend, v. North Chicago St. R. R. Co.

1. Ordinary Care—*Defined.*—Ordinary care is that care which a reasonably prudent and cautious person takes to avoid injury under like circumstances.

2. Arguments Before the Jury—*Limitation Must be Reasonable.*— The discretion exercised by the trial judge in limiting the time of the argument before the jury must be reasonable. If the time is so limited as practically to prevent a presentation of the case made by the evidence, it will be unreasonable and an abuse of judicial discretion.

3. Instructions—*Failure to Exercise Ordinary Care.*—An instruction which requires the jury to find, in order to entitle the plaintiff to recover, (1) negligence of the defendant causing the injury; and (2) ordinary "precaution, forethought and care" on the part of the plaintiff, and tells them that if the accident happened by reason of plaintiff failing to exercise such ordinary care, he can not recover, is not erroneous in view of the undisputed facts of this case.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed February 14, 1899.

Appellant sues to recover for personal injuries. He undertook to board an open electric car which had stopped to receive passengers. The footboard running along the outside of the car was, it is alleged, occupied by passengers standing thereon. Appellant crossed the track in front of the car and got upon the footboard on the inner side, next to the adjacent track used for north-bound cars. At the time he crossed he saw a north-bound car which was approaching on said track and was then, he says, about two hundred feet away. While standing on the footboard he was struck on the back of his head by this north-bound train, knocked off the car upon which he had been standing, and fell to the ground in its rear. He seeks to recover for injuries claimed to have been thus inflicted. He is said to suffer from headaches and dizziness, which are alleged to

have been caused by the accident. The jury found the issues for the defendant.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

There is controversy as to certain matters of fact. It is claimed for plaintiff that he was struck while in the act of getting into the south-bound car. The defendant asserts that he had gotten on safely, and was struck by the passing north-bound car while he was swinging out in front of it in the act of moving along the footboard. There is also controversy as to whether the headaches and dizziness complained of are the result of injuries thus received.

The testimony as to how the accident occurred, while somewhat conflicting, is not very decidedly so as to material points. It is evident that the plaintiff did swing back and outside the line of the side of the car, because otherwise he could not have been struck, and it is not seriously important whether he did this in the mere effort to step up from the footboard into the car in order to get a seat, or in the effort to pass around from one row of seats to another. The question here is, whether he was injured by any negligence of the defendant while himself in the exercise of ordinary care.

It is urged by appellant that the appellee was negligent " when the motorman on the north-bound car saw the boy in the act of getting on the car, to run by at any such speed as he must have passed, in order to have inflicted these injuries." But was there anything shown by the evidence, in the position or attitude of the boy as he stood on the footboard, to indicate that he would project his head and part of his body in front of the advancing car at the moment of passing? The evidence indicates that he was

not standing in such a position for any length of time, but that the act was sudden, instantaneous; and there is evidence which tends to show that the speed of the car was only the usual and ordinary rate. There was nothing, so far as appears from the evidence, to charge the motorman of the north-bound car with notice that the boy was about to place himself in a dangerous position "long enough before the injury inflicted to have enabled him to have formed an intelligent opinion as to how the injury might be avoided and apply the means." C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Theobold v. C., M. & St. P. Ry. Co., 75 Ill. App. 208.

Appellant's counsel urges that the plaintiff was not guilty of any want of ordinary care in a boy of his age and discretion. He was fifteen years of age. It is not claimed that he was less than ordinarily intelligent. Whether he was exercising ordinary care, is a question of fact. Ordinary care is defined as being that care which a reasonably prudent and cautious person would take to avoid injury under like circumstances. The burden is on the plaintiff to show due care. N. C. St. R. R. Co. v. Conway, 76 Ill. App. 621, 626.

We find no sufficient reason in the evidence to interfere with the finding of the jury upon the questions of fact. The plaintiff was on the wrong side of the car, and saw the north-bound train approaching long before he was struck. The jury were warranted in concluding that the evidence did not justify them in finding that there was negligence on the part of the defendant, causing the accident.

It is urged that the trial court erred in limiting the time of the argument before the jury to fifteen minutes upon each side. The discretion thus exercised by the trial judge must be reasonable. If the time had been so limited as practically to prevent a presentation of the case made by the evidence, such limitation would be unreasonable and an abuse of judicial discretion. But such was not the case here. The points of controversy were not numerous nor difficult of comprehension, and we are of opinion that all

necessary and legitimate argument of the questions arising under the evidence could be fully presented in the time allowed.

The court refused to allow the introduction of certain photographs offered in evidence. In this no error was committed. The photographs in question could not throw light upon any controverted point, and the evidence was not material. A picture of the place of the injury, showing the street and sign post and tracks, was of no value as evidence in this case.

We regard some parts of the testimony given by the physician called by the defendant, as of doubtful propriety, but evidently not harmful, and there is no suggestion that it was.

Objection is made to the first instruction given in behalf of the defendant. It required the jury to find, in order to entitle the plaintiff to recover, first, negligence of the defendant causing the injury; and, second, ordinary " precaution, forethought and care " on the part of the plaintiff; and told them that if the accident happened by reason of plaintiff failing to exercise such ordinary care, he could not recover.

We find no fault with the instruction in view of the undisputed facts of this case. Before the accident the plaintiff had gone around in front of the south-bound car, and had gotten upon its footboard on the side next to the advancing north-bound car, which he saw. At the time of the accident he was swinging his head and body out in front of the advancing car. We regard the facts, therefore, as removing any objection, based upon W. C. St. R. R. v. McNulty, 166 Ill. 203, which might be urged to the form of the instruction complained of.

Objection is made to the modification of certain instructions requested for the plaintiff, by inserting the words, " if any," referring to the injury, damages and negligence. That the plaintiff was somewhat injured is not disputed, and a qualification as to injury was unnecessary. But the question of whether he was entitled to recover damages was an issue in the case. So also as to the question of neg-

ligence of the defendant. The question of his having been injured was important only, if in consequence of such injury he was entitled to recover damages.

The instructions relating to the duties of common carriers, while stating correct propositions of law, were not applicable in this case under the evidence.

The judgment of the Superior Court must be affirmed.