William L. Voellinger, Appellee, v. Walter J. Kohl, Appellant.

272

Opinion filed March 11, 1931. Rehearing denied April 23, 1931.

P. K. JOHNSON, for appellant.

R. D. W. HOLDER and MAURICE V. JOYCE, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

William L. Voellinger of Belleville, Illinois, brought suit in the circuit court of St. Clair county, Illinois, against Walter Kohl, also of Belleville, to recover $5,000 alleged to be due from the defendant under an oral contract for services rendered by the plaintiff for the defendant as a real estate broker, in procuring a tenant for real estate owned by the defendant in the City of Belleville, Illinois.

The declaration of the plaintiff charges that he was a duly licensed and registered real estate broker in the City of Belleville, Illinois; that on October 29, 1929, the defendant was indebted to the plaintiff for the sum of $5,000 for labor and services rendered by the plaintiff as such real estate broker, for procuring a tenant for certain real estate that the defendant owned in Belleville, Illinois. The declaration describes the property of the defendant and charges that the plaintiff procured such tenant for said property at a

rental value of $14,000 a year for a period of 30 years. The defendant filed a plea denying that he had ever had any contract whatever with the plaintiff to procure such tenant; also denying that the plaintiff did procure for him a tenant.

The case was tried before a jury in April, 1930, in said court. The jury found in favor of the plaintiff. After motion for a new trial was overruled, judgment was entered for the plaintiff in the sum of $5,000.

At the close of the plaintiff's case the defendant asked leave to file a special plea alleging that the plaintiff on May 7 to 13, inclusive, was not a duly authorized and licensed broker in the City of Belleville, Illinois, for the reason that he did not have a license as such broker from the City of Belleville as provided by ordinance of said city. Leave to file said plea was denied by the trial court. The appellant argues at some length that it was error for the trial court not to permit him to file such plea. We are of the opinion that the plea was bad. It is not contended by the appellant or appellee that Voellinger did anything towards the consummation of this deal after April 15. The evidence clearly shows that at all times during these negotiations for the lease, which was finally consummated by the defendant and with the Grant Company, that the plaintiff was a duly authorized and licensed real estate broker in the City of Belleville. The license required of a broker is for the time that he renders the service for which he seeks to recover compensation. (*Cooper v. Schoeberlein,* 247 Ill. App. 147.) We are of the opinion that the trial court properly refused to allow the filing of this plea. The appellant is not in a position to raise that question in this court as he had not assigned the same as error in this court.

Objection is made to the rulings of the trial court upon questions of evidence. The plaintiff was permitted over the objection of the defendant to introduce in evidence copies of papers instead of the originals.

These letters, or exhibits, were introduced for the purpose of showing the efforts the plaintiff made to procure the lease for the defendant. We think that under the circumstances in this case it was proper to admit this evidence. We are of the opinion there was no reversible error in the admission of evidence in this case.

It is admitted by both parties that the defendant did enter into a lease with the Grant Company as set forth in the plaintiff's declaration. The evidence is conflicting as to whether the plaintiff had a contract with the defendant to procure a lease and whether the plaintiff was the procuring cause of the Grant Company entering into the lease with the defendant. The jury whose province it is to weigh the facts, saw the witnesses on the witness stand and heard them testify, and they are usually in a better position to weigh the facts and judge the credibility of the witnesses than a court of review. Our courts have repeatedly held that where the evidence is conflicting, it is for the jury to weigh the same and determine where the preponderance is, and their findings will not be disturbed unless it is manifestly against the weight of the evidence. (*Howitt v. Estelle,* 92 Ill. 218; *Green v. Mumper,* 138 Ill. 434; and many others may be cited to this effect.)

The question submitted to the jury was purely one of fact for their determination, and, although this court may be inclined to take a different view of the evidence from that entertained by the jury, yet, where they have fairly arrived at a verdict in the absence of error their verdict should stand. In this case we think the evidence fairly establishes the fact that Voellinger had a contract with Kohl; that if he procured a lease for the Grant Company for a term of years at a rental value of $1,000 a month, the defendant would pay for such services $5,000. The evidence further shows that Voellinger did make an effort to procure the Grant

Company as tenant for the appellant Kohl; that the agent of the Grant Company came to Belleville, Illinois, to consult with Voellinger and Kohl about the lease. The fact that Kohl, the owner of the property, concluded the lease in the absence of the appellee would not relieve him from liability of paying the appellee's commission that he had earned when he was instrumental in bringing the parties together, and was the procuring cause in making the lease. (*Hafner v. Herron,* 165 Ill. 242; *Day v. Porter,* 161 Ill. 235; *Hawkins v. Taylor,* 186 Ill. App. 355.) We think the plaintiff has proven by a preponderance of the evidence his contract with the defendant and that he was the procuring cause in finding a tenant for the defendant. The jury properly found these facts in favor of the plaintiff.

The appellant assigns as error that the plaintiff's attorney in his concluding argument made remarks that were prejudicial to the defendant and for that reason the judgment of the trial court should be reversed. No doubt the trial court properly sustained the objection and reprimanded the plaintiff's attorney for the remarks he made. The argument was in answer to the remarks of the attorney for the defendant in claiming that the plaintiff was trying to collect $1,250 for each of the four letters that the plaintiff had written in trying to procure this lease for the defendant. The defendant is hardly in a position to raise this question as error, as it appears to this court that his attorney's argument was hardly justifiable under the facts in the case. We are of the opinion that it was not reversible error in the case, and had no effect on the jury in arriving at the facts in the case.

We find no reversible error in the case and the judgment of the circuit court of St. Clair county, Illinois, is hereby affirmed.

*Affirmed.*