Edna Mae Smith, Appellee, v. Illinois Power and Light Corporation, Appellant.

Heard in this court at the May term, 1938. Opinion filed November 7, 1938. Rehearing denied December 12, 1938.

DRYER, BROWN & POOS, of Hillsboro, and P. K. JOHN-SON, of Belleville, for appellant.

POPE & DRIEMEYER, of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff, a resident of East St. Louis, was a patron of defendant, Illinois Power and Light Corporation, which sold and distributed gas to the residents of said city. On March 31, 1936, defendant replaced the gas service pipe leading into plaintiff's residence, and in doing so excavated a trench from the street main to the dwelling house, a distance of some 50 feet. The ditch was about 14 inches wide, with a depth varying from 18 inches at the porch to 3 feet at the street.

On the premises was a concrete walk leading to the street, and another one paralleling the porch and leading to the driveway at the side of the house. The ditch was tunnelled under the last named walk and the dirt taken from the ditch was used in its refill, leaving a mound a few inches in height. Owing to the smallness of the trench under the sidewalk, the dirt used in filling same was tamped in by employing the shovel handles of the workmen as tampers. One of the workmen actually doing the refill under the walk stated that he did so by throwing in 10 or 12 shovelsful at a time and then

tamping. His foreman testified that the proper method of replacing such dirt was to tamp same after putting in three or four shovelsful.

On July 28, 1936, plaintiff had occasion to walk out into her yard and stepped on the mound covering the ditch a few inches from the concrete walk underneath which the trench had been tunnelled, whereupon the earth gave way and she fell forward, striking her knee against one of the bricks which were laid with corners up and which formed the edge of a flower plot. As a result of her fall she sustained various injuries, including a laceration over the left knee cap and a bruising of her left wrist. Previous to the accident the proof shows that she had suffered from arthritis in both knees. It further appears that she was suffering pain in her limb and unable to use same normally 14 months after the injury was sustained; also, that she had become liable in the sum of $125 for expenses actually incurred, and that in order to relieve her condition an operation costing in the neighborhood of $300 would be necessary, such operation to be attended with some hazard, as a stiff knee might result therefrom.

Plaintiff brought suit, a jury awarded her damages in the sum of $2,500 upon which the court rendered judgment, and to reverse which defendant has prosecuted this appeal.

Defendant insists that the court should have directed a verdict in its favor for the reason that no proof was offered that plaintiff was in the exercise of due care for her safety at the time of and just prior to the accident. Before the court would have been warranted in so acting, the situation must have been such that all reasonable minds would agree that the plaintiff was guilty of conduct which proximately contributed to the accident; *Thomason v. Chicago Motor Coach Co.*, 292 Ill. App. 104; *Petro v. Hines*, 299 Ill.

236. Upon this record we think reasonable persons might have differed upon the question, and that the court properly refused to direct a verdict for such reason.

Defendant further contends that while the work was performed under its control, and the question of the doctrine of *res ipsa loquitur* was thus presented, that it offered testimony which overcame the application of such doctrine. The law bearing upon that proposition is well settled that the explanation of the manner in which defendant's servants performed the work upon the premises of plaintiff, and whether same was sufficient to rebut such presumption of defendant's negligent conduct, are questions of fact; *Chicago Union Traction Co. v. Newmiller*, 215 Ill. 383; *Roberts v. Economy Cabs, Inc.*, 285 Ill. App. 424.

The rule of *res ipsa loquitur* was properly raised by the proof, and whether or not defendant's testimony in explanation of its conduct was sufficient to overcome the presumption raised by the doctrine was properly submitted to the jury as a question of fact. In order to warrant a reviewing court's interference with such finding, the record must clearly show that it was manifestly contrary to the weight of the evidence; *Belz v. Piepenbrink*, 318 Ill. 528; *Carney v. Sheedy*, 295 Ill. 78. This we are unable to say upon a consideration of this record.

The trial court, at the instance of plaintiff, gave two instructions. Complaint is made that they did not require the jury to find certain facts as based upon a preponderance of the evidence. Whether the instructions could be so construed is of little consequence, as those given on behalf of defendant emphatically charged the jury that plaintiff, to recover, must establish such facts by the preponderance or greater weight of the evidence. Instructions are read as a series, and if the entire charge fairly and correctly states the law

it is sufficient; *People v. Falley,* 366 Ill. 545. We do not think any prejudicial error was committed in this regard.

Certain rulings on evidence are questioned, upon a consideration of which we are of opinion that no harm resulted to defendant.

It is insisted that the verdict is excessive and that a remittitur should be required. While plaintiff, prior to the accident, had arthritis, it is shown that same was aggravated by the injury to the left knee. She had, 14 months after the occurrence, constant pain in the joint and a limited use of the knee; that to rectify that condition, an operation for removal of cartilege would be necessary which would require her to keep off her feet for a period of 6 weeks or more; that while such operations are usually successful, there is a chance that a stiffening of the knee joint, with added loss of its use, may result; and that the expense of such an operation, together with obligations already incurred by plaintiff relative to the injury, would aggregate $400.

The jury were charged with determining the amount of compensatory damages plaintiff should receive and their award will not be disturbed unless so palpably excessive as to indicate some improper motive upon the part of the jury such as passion or prejudice; *Crane v. Railway Exp. Agency, Inc.,* 293 Ill. App. 328; *Owens v. Guerney,* 241 Ill. App. 477. We do not think the amount is so inordinate as to suggest any such purpose or motive.

The judgment is affirmed.

*Judgment affirmed.*