Pearl Jones, Appellee, v. Glen Esenberg, Appellant.

552

Opinion filed March 13, 1939.

BURROUGHS, SIMPSON & REED, of Edwardsville, for appellant.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Pearl Jones brought suit against Glen Esenberg and Edward Esenberg to recover damages for injuries sustained by her in an automobile ·collision, occasioned, as she claimed, by the negligent driving of a car by Glen Esenberg. The suit was dismissed as to Edward Esenberg and the cause proceeded against the remaining defendant.

Upon the trial a jury found for plaintiff and assessed her damages at $2,500, upon which judgment was entered and from which defendant appeals. The usual motions for directed verdicts and for a new trial were made and overruled by the court, and such rulings form the basis of this review.

The principal contention of defendant is that the verdict is contrary to the manifest weight of the evidence.

The proof discloses that on June 13, 1937, at about 10:30 p. m., plaintiff was riding with Virgil Schrepferman in his car along State Highway No. 40, traveling southerly toward Collinsville, at a speed of something like 25 miles per hour. On the west side of the highway, at the outskirts of Collinsville, is an amusement place or tavern known as Russian Tony's; southerly and on the east side of the pavement is a filling station, while still further to the south of the filling station, and on the west side of the highway, is a business house known as Ullman's store.

At the time mentioned there was in progress at Russian Tony's a celebration attended by a large crowd of people. Defendant, in company with some young friends, Clarice Dixon, Evelyn Fleschsig and Harold Hanke, had parked their car in the premises of the filling station. After attending the festivities at the tavern they departed at about 10:30, went to the filling station, got into their car, and with defendant driving backed it around and turned into the highway. Each of them states that defendant, as he came to the street

line, stopped his car for 5 or 10 seconds, looked both ways for approaching cars, then started westerly over the cement pavement of 3 traffic lanes until he reached the one furtherest west, when he turned south, proceeded something like 150 feet, and when in front of Ullman's store and entirely in the west line of traffic, a northbound car driven by Dorothy Etchill, accompanied by her husband Bernard Etchill, came across from the east side of the cement slab and struck defendant's car, crippling it and causing it to stop.

Mrs. Etchill states that as they came northerly, defendant's car, without stopping, shot out from the filling station and crossed the pavement in a southwesterly direction; that she thought defendant was going to stop, and pulled to the center of the highway; that when she realized he would not do so she tried to turn behind his car, and that his auto then struck the left fender of her car, causing it to swerve to his rear, in the path of the southbound car in which plaintiff was riding, colliding with it and occasioning the injuries to plaintiff. The husband's testimony is corroborative and to the same effect as her statements.

Plaintiff and her escort, Schrepferman, both testified that as they drove southerly they were at all times on the west side of the pavement; that they saw defendant's car pull out from the filling station; that it did not stop before entering the roadway; that it proceeded southwesterly and struck the Etchill car, and that thereupon it swerved in front of their car and caused the collision. Both further stated that defendant's car and the one driven by Mrs. Etchill collided on the east side of the pavement, and that defendant's car was never over the black line until it struck the one driven by her.

Witnesses Schurmann and Meadows deposed that the Etchill car, just previous to the accident, was traveling northerly on the center or west side of the pave-

ment, and that defendant was in the west lane until the collision. Two police officers and a garage man testified mainly as to estimates of distances and locations. The police magistrate of Collinsville gave evidence that shortly after the occurrence the defendant stated to him: ''The accident was all my fault; I came out of the filling station without stopping.''

The foregoing epitome of the testimony reveals that the proof on the questions of negligence and proximate cause of collision was in conflict, and where such is the fact the trial court is without authority to weigh the evidence and direct a verdict for the defendant; *Mirich v. Forschner Contracting Co.*, 312 Ill. 343.

There is earnest insistence that the verdict is against the manifest weight of the proof, and that the trial court should have awarded a new trial for such reason. Courts of review are reluctant to substitute their judgment for that of a jury upon controverted questions of fact, and while they have the power, and it is their duty to do so when convinced that the verdict is palpably against the weight of the evidence and that the jury in its rendition must have been moved by some ulterior and improper motive, yet such fact must clearly and unmistakably appear before the finding will for such reason be disturbed; *People v. Hanisch,* 361 Ill. 465; *Carney v. Sheedy,* 295 Ill. 78.

It is primarily for the jury to weigh the testimony, test the credibility of the witnesses, determine who are the more worthy of belief, and give credit accordingly; *Oswald v. Grand Trunk Western Ry. Co.,* 283 Ill. App. 86; *Voellinger v. Kohl,* 261 Ill. App. 271.

Defendant asserts that more witnesses testified in support of his contention than deposed for the plaintiff. While this is a circumstance to be considered in determining the weight of the evidence, it is not, alone and of itself, conclusive, as it is conceivable that there may be something in the appearance or demeanor of

the witnesses, or the attending circumstances, which will cause the mind to believe that the truth lies in the statements of the lesser number; *Kravitz v. Chicago City Ry. Co.,* 174 Ill. App. 182.

There were circumstances in the proof which bore upon the credibility of the different witnesses. Defendant urges that plaintiff, Schrepferman and the. Etchills all admitted that they were interested in the outcome of the suit and are thereby discredited. We do not agree; their frankness in admitting such fact seems to us a badge of honesty.

Defendant and his three youthful companions, after an evening of enjoyment at Russian Tony's, state with one accord the details of all that happened after they re-entered the car at the filling station; all agreeing that defendant stopped at the street line for 5 or 10 seconds before starting over the pavement. That four young people, after spending some hours at a tavern and starting homeward with the exuberance and carefreeness of youth, should remember with precision each detail of events prior to the collision and fully agree with respect to same, where there had been nothing before the accident to impress such matters upon their minds, is rather singular and no doubt was so regarded by the jury.

We think there was sufficient in the record bearing upon the credibility of the witnesses for both sides to justify the finding of the jury that the negligence of defendant was the proximate cause of the injury.

Complaint is made of two instructions given at the instance of plaintiff. No. 3 told the jury among other things that "the plaintiff is not required to prove her case beyond a reasonable doubt; a preponderance of the evidence in her favor is sufficient." It has been repeatedly held that such an instruction is a proper charge to the jury; *Pierson v. Lyon & Healy,* 243 Ill. 370; *Chicago Consolidated Traction Co. v. Schritter,* 222 Ill. 364.

It is also urged that the instruction is erroneous because it refers to her case without advising the jury what elements she must prove prior to establishing her case.

The first instruction given for defendant enumerated the various propositions which plaintiff must prove, and charged that if she failed to establish any one of them she could not recover. The instructions are considered as a series, and a deficiency in one may be supplied by the contents of another. If there was a lack of necessary elements in instruction No. 3, defendant's first instruction included and covered the deficiency and, as a series, the direction as to this proposition was sufficient; *Minnis v. Friend,* 360 Ill. 328; *People v. Falley,* 366 Ill. 545.

Plaintiff's instruction No. 4 told the jury, among other matters, "she was not required to exercise extraordinary care and diligence for her own safety," and such is charged as error as tending to minimize the degree of care plaintiff was bound to have shown for her own safety. This instruction correctly defined the degree of care required of plaintiff, and concluded with the quoted sentence. Such an instruction has met with the approval of the Supreme Court (*West Chicago St. R. Co. v. McNulty,* 166 Ill. 203; *Walsh v. Chicago Rys. Co.,* 303 Ill. 339), and it was properly given.

We find no reversible error in the record and the judgment will be affirmed.

*Judgment affirmed.*