George Edwards, Appellee, v. Hill-Thomas Lime and Cement Company, Appellant.

Opinion filed March 1, 1941.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

GEERS & GOODMAN, of Collinsville, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal prosecuted from a judgment secured by appellee, George Edwards, in the city court of the city of East St. Louis, against appellant, Hill-Thomas Lime and Cement Company, for personal injuries sustained by appellee on the 17th day of September, 1937, when a moving van which appellee was

driving was involved in a collision with a truck belonging to appellant. For purposes of convenience, appellee will hereinafter be referred to as plaintiff, and appellant, as defendant.

State street, in the city of East St. Louis runs east and west, and intersects Sixty-first street, which runs north and south. It is 60 feet wide and at the time of the accident had an 18-foot concrete slab on either side, and a 24-foot cinder strip down the center. There is a jog in State street, at this intersection, Sixty-first street running north from State street being further east than Sixty-first street running south from State street.

On the 17th day of September, 1937, at about five o'clock in the afternoon, in the said city of East St. Louis, plaintiff was driving a moving van in an easterly direction, on State street. The truck of the defendant was being driven in a westerly direction on the north side of State street, following a Ford sedan, belonging to the witness, Goldie Wilson. As the plaintiff approached Sixty-first street, he attempted to make a left turn, when the collision occurred between the plaintiff's van and defendant's truck, which is the subject matter of this suit.

As a result of the collision, plaintiff was thrown to the pavement, suffering concussion of the brain; multiple contusions over his face and body, compound fractures of both bones of his left leg; fracture of his right humerus, and fracture of his right elbow; he was in the hospital 2 months. His physician testified that he had sustained injuries which were permanent in their character.

Upon a trial of the issues before a jury, a verdict was returned in favor of the plaintiff in the sum of five thousand dollars, motion for new trial was overruled, judgment was entered in the above amount, from which this appeal is taken.

It is argued on behalf of the defendant, that the court erred in permitting counsel for the plaintiff to

ask the jurors on their *voir dire* whether or not any of them were employed by or financially interested in the Massachusetts Bonding and Insurance Company. Before interrogation of the jurors on their *voir dire,* some pretrial testimony was heard in the judge's chambers, out of the presence and hearing of the prospective jurors. Mr. Goodman, one of plaintiff's attorneys asked Mr. Costello, attorney representing defendant, whether the Massachusetts Bonding and Insurance Company was interested in the conduct of the case, and whether he was being paid for his service by that company and if they were interested in the final outcome of the judgment rendered. Mr. Costello answered that his firm represented the Massachusetts Bonding and Insurance Company and was handling the defense, but that he had not seen the policy and did not know whether said company would have to pay any judgment that might be rendered.

Mr. Goodman then stated under oath in substance, that he knew the Massachusetts Bonding and Insurance Company were conducting the defense, and were financially interested in the outcome of the case; that it had a policy covering defendant; that it was subject to payment of all or part of any judgment rendered in the case, that he had talked with Mr. Seeley, agent for said company, and that he desired to ask the question of the panel for the purpose of exercising his right of challenge on the *voir dire,* if any member of the panel or member of the jury had any financial interest, either themselves or their close relatives, in the said company.

Mr. Costello, then made the statement, under oath, in substance; that he was one of the attorneys representing the defendant, that the Massachusetts Bonding and Insurance Company, which he represented was not an Illinois corporation, and had no officers or stockholders in East St. Louis, or in St. Clair county; that its offices for the district were in St. Louis; that none of the agents of said company were on the jury panel;

that said company carried the insurance on the truck in question, involved in the instant case; that said company might have policyholders in East St. Louis, but that a judgment could not affect them, as it was an old line company and the policyholders were not subject to assessment.

During the selection of the jury this question in substance, was propounded to each four of the prospective jurors, "Do you own any stock or are you employed, or have you been employed, or any close relative of yours employed, in the Massachusetts Bonding and Insurance Company" to which objection was made by defendant, and overruled by the court. The action of the trial court in permitting counsel for plaintiff to interrogate jurors in this manner is urged as error.

Substantially the same procedure, as to pretrial matters, was followed in the case of *Smithers v. Henriquez*, 368 Ill. 588, and substantially the same question was propounded to the prospective jurors in that case, as in the instant case, except that in the *Smithers* case an affidavit was filed, setting forth the facts with reference to the interest of the insurance company. In that case the court held that while the filing of an affidavit is commendable practice in such cases, it is unnecessary, as is the preliminary determination of the right to question the jurors as to their qualifications.

In that case there is a thorough and able review of the cases in this State and other States upon this question. There the court said, "It is manifest, in all the cases on the subject, that to require a reversal, the examination must be such as to show a prejudice to the rights of the defendant. It is to be remembered that plaintiff's right to an impartial disinterested jury is equal to that of the defendant to have an examination of the jury free from prejudice to his interests. There can be no difference in a court of justice between the rights of litigants to a fair trial, and, if before a jury,

that it be impartial and unbiased.'' *Smithers v. Henriquez, supra.*

The record in the instant case does not show the employment of any subterfuge to inform the jury that an insurance company was defending the suit or any other improper motive or conduct on the part of plaintiff's counsel. Furthermore, it does not appear that the amount of the verdict considering the seriousness of plaintiff's injuries, or the conflict in the testimony indicate the examination of the jurors had any prejudicial effect.

It is contended on the part of defendant that the plaintiff was guilty of contributory negligence in failing to give the right of way at the time and place in question to the defendant. This was a question of fact for the jury. *Lauer v. Elgin, J. & E. Ry. Co.,* 303 Ill. App. 200, 27 N. E. (2d) 315; *Thompson v. Riemer,* 283 Ill. App. 371; *Carroll v. Krause,* 295 Ill. App. 552, 15 N. E. (2d) 323; *Pagenkamp v. Devillez,* 80 F. (2d) 485; *Thomas v. Buchanan,* 357 Ill. 270, 192 N. E. 215; *Layton v. Ogonoski* (Fourth District), 256 Ill. App. 461; *St. Clair Nat. Bank of Belleville v. Monaghan* (Fourth District), 256 Ill. App. 471.

The reviewing court will not disturb the findings of the jury on the issues of negligence and contributory negligence, reached under proper instructions, unless manifestly against the weight of the evidence. *Mugaviro v. Chicago B. & Q. R. Co.,* 239 Ill. App. 544; *Waitrovich v. Black,* 254 Ill. App. 49; *Chicago & Alton R. Co. v. Harrington,* 192 Ill. 9. There was ample evidence upon which the jury might well find affirmatively that plaintiff was free from contributory negligence, and that defendant was guilty of such negligence, as to be the proximate cause of the injuries complained of.

Plaintiff testified that he was driving east on State street at about 12 miles per hour and when within 150

feet of Sixty-first street pulled over to the center of the cinders; that he slowed down to 5 or 6 miles per hour to let a Ford car going west pass him, put his hand out to indicate that he was about to make a left turn (as to which proposition he is not contradicted by any witness) and that defendant's truck was 200 feet east when he was making his left turn. He claims he further slowed down for a pedestrian to pass and that he was driving 3 or 4 miles an hour when he was hit. He is corroborated in the main by the witness Walter Eiskant, who was riding in the cab of the moving van with him. He is also corroborated by the witness, Louis McClintock, who so far as can be determined from the record was a disinterested witness and apparently a careful observer. He was working at a filling station on the southwest corner of the intersection where the collision occurred. When asked on cross-examination, why he watched the van of the plaintiff, he answered that he had a habit of watching cars. Working at a filling station, he apparently had a very normal interest in motor vehicles. It is very likely that the jury placed great credence in the testimony of this witness, because of his disinterestedness, his apparent powers of observation, and his point of vantage to properly scrutinize the movements of the cars involved in this collision.

The driver of defendant's truck, George Cook, testified that he was driving in a westerly direction behind the Ford car, which he had been following for sometime, that he was driving about 20 or 25 miles per hour, that he saw plaintiff's van and particularly noticed it on account of it being a large obstacle coming from the opposite direction when it was about 150 feet from the intersection of Sixty-first street and State. His theory was that as the Ford car went by, plaintiff's van hit the Ford, and then collided with his truck. The driver of the Ford, Wilson, testified for the defendant, that he heard a crash and a short interval thereafter felt his

car give, which is hardly corroborative of the driver's testimony. Mrs. Wilson, who was with him in the Ford testified that there was a crash and she felt their car give, and that the crash she heard was the crash of the two other cars, not theirs. This is corroborative of the testimony of the witness McClintock, to the effect that after defendant's truck struck the plaintiff's moving van, it hit the Ford.

The first vehicle to reach the crossing in the exer-cise of ordinary care, should have the right of way, and others should approach with sufficient care to avoid danger of collision. *Rupp v. Keebler,* 175 Ill. App. 619; *Roth v. Lundin,* 237 Ill. App. 456. There was sufficient evidence in the record to justify the jury in believing that plaintiff's van was first at the intersection. Plaintiff estimated the defendant's truck at 150 to 200 feet east when plaintiff reached the intersection to make the left turn. Eiskart placed the distance of the defendant's truck at 150 feet when plaintiff started across the north slab on State street. McClintock testified that at the time plaintiff was turning, defendant's truck was 250 feet away. The statute giving a vehicle approaching from the right, at an intersection, the right of way does not confer such right, regardless of the distance the approaching cars may be from the intersection. *Darling & Co. v. Yellow Cab. Co.,* 238 Ill. App. 326; *Salmon v. Wilson,* 227 Ill. App. 286.

Upon this state of the record, we feel that the jury were fairly justified in reaching the verdict that they did, and this court is not inclined to substitute its judgment, for the verdict of the jury.

Objection is made by defendant to plaintiff's first given instruction, to the effect that it stressed the fact that there was an issue of contributory negligence, and that the instruction as given might mislead the jury into believing that the burden of proving such contributory negligence was upon the defendant. We do not believe this instruction is subject to this objection

because of its own phraseology, and certainly not when considered in connection with defendant's given instruction number three, which correctly states the law, with reference to the burden of proof being upon the plaintiff to prove that he was in the exercise of due care and caution, for his own safety. It is fundamental that instructions are read as a series and if the charge as a whole correctly states the law, it is sufficient. *Smith v. Illinois Power & Light Corp.*, 297 Ill. App. 358; *Jones v. Esenberg*, 299 Ill. App. 551. We believe that the jury was correctly instructed as to the question of the burden of proving contributory negligence, and would not be misled by this instruction.

Complaint is made by defendant, that plaintiff's given instruction number two is bad because it supposedly does not limit the amount of damages that plaintiff would be entitled to recover to those shown by the preponderance of the evidence on the question of damages. The part of the instruction objected to reads, ''The Court instructs the jury that if under all the evidence and other instructions of the Court, you should find the issues in favor of the plaintiff, then you will assess his damages by allowing him a sum of money which you find and believe from the evidence will fairly and reasonably compensate him for the injuries sustained by him as a direct result of the collision in question. . . .'' We do not believe this instruction is susceptible of the broad interpretation given it by defendant, and that by it the jury were properly limited in the scope of their findings as to the assessment of damages.

Defendant's refused instruction was properly refused by the court for the reason that it assumed the guilt of the plaintiff of contributory negligence, which was a controverted fact, and as such a question of fact, for the jury.

We find no reversible errors in the record and the judgment of the lower court will be affirmed.

*Affirmed.*