Mary Nowak, Plaintiff-Appellant, v. Arnold Witt,
Defendant-Appellee.

Gen. No. 11,063.

Second District, Second Division.
September 16, 1957.
Released for publication October 4, 1957.

William J. Crowley, and James P. Moore, both of Waukegan, for appellant.

Snyder, Clarke & Dalziel, of Waukegan (Daniel J. Dalziel) for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal to review a judgment of the Circuit Court of Lake county entered on a finding of the jury that defendant was not guilty. The action is by appellant, Mary Nowak, herein referred to as plaintiff, for the recovery of damages for personal injuries. The plaintiff was a passenger in an automobile driven by her husband in a northerly direction on Wilson Road. The car in which plaintiff was riding collided with a car driven by appellee, Arnold Witt, herein referred to as defendant, who was proceeding east on Route 120. The two vehicles collided in the intersection of Wilson Road and Route 120 in Lake county, Illinois. Route 120 is a preferred highway and there is no stop sign for east and west traffic on Route 120 at this point. There is a stop sign at this intersection for traffic proceeding north on Wilson Road. Plaintiff was a passenger with no control over the vehicle being operated by her husband.

Plaintiff's appeal is confined solely to three instructions given at the instance of the defendant. It is contended that the trial court committed reversible error in giving defendant's instruction nos: 11, 16 and 19. Plaintiff assigns no other error.

Plaintiff states the trial court committed the most prejudicial error by giving defendant's instruction no. 11.

Defendant's instruction no. 11 is as follows:

"The Court instructs the Jury that at the time of the happening of the occurrence in question there was in full force and effect a statute of the State of Illinois, which provided at follows:

'The Department may in its discretion and when traffic conditions warrant such action give preference to traffic upon any of the State highways under its jurisdiction, upon which has been constructed a durable hardsurfaced road, over traffic crossing or entering such highway by erecting appropriate stop signs or stop lights.

'The driver of a vehicle shall stop as required by Section 86 of this Act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed at such time as a safe interval occurs.'

. . .

Section 86 of the Statutes of the State of Illinois above referred to provided in part as follows:

'Every driver of a vehicle . . . approaching a stop sign shall . . . stop . . . at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection . . . .' "

Defendant's instruction no. 19 stated:

485

"If you find from a preponderance of the evidence, and under the instructions of the Court, that just before the occurrence in question the vehicle in which the plaintiff, Mary Nowak, was riding was proceeding in a northerly direction on Wilson Road and approaching the intersection of said Wilson Road with State Highway 120, then you are instructed that it was the duty of the driver of said vehicle to bring the said motor vehicle to a stop at a point nearest the said State Highway 120 which afforded a view of approaching traffic on said State Highway 120, and if you further find that at that time the Witt vehicle was proceeding in an easterly direction on State Highway 120 and was also at or near the intersection in question, then it was the further duty of the driver of the Nowak vehicle to yield the right-of-way to the vehicle being driven by the defendant, Arnold Witt, if said Witt vehicle was at the time either entering said intersection or approaching so closely thereto as to constitute an immediate hazard."

The only objection of plaintiff to defendant's instruction no. 11 is that it ignores the doctrine that the negligence of the driver can not be imputed to the passenger and it in effect tells the jury that if the driver of the Nowak car violated the statute in question then plaintiff could not recover. This is also one of the objections made to defendant's instruction no. 19. We conclude that this objection is without merit. Plaintiff's given instruction no. 1 specifically informs the jury that the negligence of the driver of the car in which plaintiff was riding was not imputable to her.

Plaintiff's instruction no. 1 informed the jury as follows:

"The Court instructs the Jury that even if you believe from the evidence in this case that the driver of the automobile in which the plaintiff had been

riding was guilty of negligence which contributed to the injury in question, if any; still, if you further believe from the evidence that the plaintiff was not by her own conduct in any way the cause of such negligence on the part of the driver of the automobile in which plaintiff had been riding, and omitted no reasonable or ordinary care on her part for her own safety under all the circumstances in evidence before you, then such negligence, if any, on the part of the driver of said automobile in which plaintiff had been riding cannot be charged against or imputed to the plaintiff in this suit."

 Whether defendant's instructions nos. 11 and 19 could be so construed as argued by plaintiff is of little consequence, as plaintiff's instruction no. 1 emphatically negatives such construction. Instructions are read as a series, and if the entire charge fairly and correctly states the law it is sufficient, Smith v. Illinois Power & Light Corp., 297 Ill. App. 358, 17 N.E.2d 632; and a deficiency in one instruction may be supplied by another. Jones v. Esenberg, 299 Ill. App. 551, 20 N.E.2d 906.

Plaintiff further attacks defendant's instruction no. 19 on the ground that it fails to properly instruct the jury as to what is meant by "right of way" under Sec. 167 of the Uniform Traffic Act (sec. 167, chap. 95½, 1954, Ill. Rev. Stat.). Sec. 167 refers to "Stop" intersections and formerly read (Ill. Rev. Stat. 1951) ". . . . vehicles entering upon or crossing such highway shall come to a full stop as near the right-of-way line of such highway as possible and regardless of direction shall give the right-of-way to vehicles upon such highway." Section 167 should not be confused with section 165 which refers to unguarded intersections.

Under both of these sections of the statute it was considered necessary in certain circumstances that the meaning of the words "right of way" be explained in

terms of speed and distance or time of arrival. This was done to avoid the absurdity, on the one hand, of requiring a vehicle to wait until such time as no vehicle was approaching, from its right, at an unguarded intersection, or from either direction on a preferred highway, before attempting to enter the intersection; and to avoid producing, on the other hand, the opposite extreme of a race between competing drivers to reach the intersection first. The Legislature in 1953 remedied this situation by amending both sections to incorporate an explanation or definition of the application of these sections.

 Section 167, as amended, reads that a driver proposing to cross a through highway shall stop as required by section 86 and "shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on through highway as to constitute an immediate hazard, but said driver having so yielded may proceed at such time as a safe interval occurs." Defendant's instructions 11 and 19 fully and properly instructed the Jury as to the legal effect of Section 167, Chap. 95½, Ill. Rev. Stat., and we can find no reversible error in the giving of these instructions. The defendant's theory of the case was that the sole proximate cause of the collision was the negligent conduct of the driver of the automobile in which plaintiff was a passenger. The defendant was entitled to instructions on his theory of the case. As to defining what constitutes "an immediate hazard" the law is clear that only legal phrases not understood by laymen or words or terms from a foreign language not in common use among the people need to be defined. People v. Csontos, 275 Ill. 402, 114 N. E. 123.

Plaintiff lastly urges that error was committed in giving defendant's instruction no. 16, as follows:

"If a passenger in an automobile knows, or by using reasonable care should know, of impending danger,

if any, it is the duty of such passenger to use reasonable care to warn the driver of such danger, unless the passenger knows, or has reasonable cause to believe, that the driver already knows of the impending danger. Whether the passenger used reasonable care under all of the evidence, is a question of fact for the jury."

On this same aspect of the case, concerning the duty of a passenger, the trial court gave the following instruction at the instance of the plaintiff (plaintiff's instruction no. 3):

"The Court instructs the jury that the driver of an automobile is bound to keep a particularly continuous lookout while driving, but no such duty is imposed upon the passenger or guest. In the absence of knowledge of the passenger, or facts which would give her such knowledge, a passenger or guest may properly rely on the driver to attend to the driving of the automobile. The primary duty of care for the safe operation rests upon the driver. However, a guest is not relieved from the exercise of such care for her own safety as is reasonable under all the circumstances."

Defendant's instruction no. 16 stated a correct proposition of law and the trial court, under the evidence in the record before us, properly gave this instruction. Lasko v. Meier, 327 Ill. App. 5, 63 N.E.2d 531, Flynn v. Chicago Ry. Co., 250 Ill. 460, 95 N. E. 449. Taken as a series, Smith v. Illinois Power & Light Corp., supra, plaintiff's instruction no. 3 and defendant's instruction no. 16 properly and accurately informed the jury as to the passenger's duty and responsibility.

Accordingly the judgment of the Circuit Court of Lake county should be and is hereby affirmed.

Judgment affirmed.

CROW, P. J. and SOLFISBURG, J., concur.