CLARICE SCHLINK, Plaintiff-Appellant, *v.* EDNA BASS, Defendant-Appellee.

(No. 71-187; )

Third District—May 23, 1972.

Melvin O. Moehle, of Washington, for appellant.

Anthony C. Raccuglia, of La Salle, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Clarice Schlink, brought this action in the Circuit Court of Marshall County seeking damages for personal injuries caused by the negligence of Edna Bass, Defendant-Appellee, in the operation of her car. The jury found the issues in favor of defendant, judgment was entered on the verdict and post trial motions were denied.

On November 21, 1969, plaintiff was a passenger in a car properly angle parked on the main street in Toluca. The car operated by plaintiff's husband backed out of the parking space and the rear end of the car collided with the car operated by the defendant as she drove along the main traveled portion of the street. The facts surrounding the collision are substantially in dispute but need not be detailed in this opinion since the only errors assigned relate to instructions. Both parties conceded that absent trial error the facts presented issues appropriately submitted to and resolved by a jury.

Plaintiff complains of two instructions given at the request of the defendant over the objection of the plaintiff. The first instruction objected to by plaintiff purported to be I.P.I. 60.01 (modified). It provides, "There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that: No person shall start a vehicle which is stopped, standing or parked unless and until such movement can be made with reasonable safety. If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence".

It was one of defendant's theories advanced in the trial court that plaintiff passenger and her husband as operator of the car were engaged in a joint enterprise warranting the imputation of the husband's negligence if any to plaintiff. The court rejected this theory and an instruction was given (I.P.I. 70.03 modified) specifying that the negligence of plaintiff's husband if any could not be imputed to plaintiff.

■■ After reviewing the language of defendant's instruction relating to statutory violation as quoted above and considering the comments to the instruction by the drafters of the pattern instructions we conclude

the instruction was not intended to apply to the circumstances of this case. This instruction should be given where the statutory violation is by one of the parties to the litigation and whose conduct is in issue. As applied to the facts of this case the language of the instruction as given is ambiguous and confusing in that it fails to indicate who is charged with a possible violation *i.e.* the plaintiff or her husband, and fails to specify the relation of a possible statutory violation to the issues of the case.

■■ Illinois Pattern Jury Instruction 60.02 entitled, "Violation of Statute or Ordinance Both by Defendant and Third Person or Third Person Alone" is specifically designed to take into account the conduct of a third person and its relation to the issues of a case. If the conduct of the plaintiff's husband was the sole proximate cause of plaintiff's injuries it is immaterial whether he is negligent or not. (See, *Nowak v. Witt,* 14 Ill.App.2d 482, 144 N.E.2d 813.) Even if the instruction as given may be regarded as referring to the violation of the statute by the driver and even if the jury was instructed that the driver's negligence was not imputable to his wife, the plaintiff, the instruction fails to offer any advice concerning how the husband's negligence if any might affect plaintiff's right to recover. Under such circumstances we believe the giving of the instruction was not only erroneous but was also prejudicial since the husband's conduct was one of the principal issues of the case.

■■ The other instruction complained of by plaintiff is defendant's instruction defining contributory negligence. It is plaintiff's position that there is no evidence of contributory negligence and hence the definition ought not to have been given. On the state of the record we find no support for plaintiff's contention since plaintiff's own instructions indicate that she was required to use and prove her own due care with the definition of contributory negligence being merely complimentary to the issues as framed by the claim.

For the foregoing reasons the judgment of the Circuit Court of Marshall County is reversed and remanded with directions that plaintiff be granted a new trial.

Reversed and remanded with directions.

ALLOY and SCOTT, JJ., concur.