·JASON GREEN

*v.*

PETER L. MUMPER.

*Filed at Springfield November 2, 1891.*

NEW TRIAL—*verdict against the evidence.* The verdict of a jury will not be set aside by this court when the evidence is conflicting, unless clearly against the weight of evidence.

APPEAL from the Circuit Court of Douglas county; the Hon. EDWARD P. VAIL, Judge, presiding.

Messrs. CRAIG & CRAIG, Mr. J. M. NEWMAN, and Mr. O. B. FICKLIN, for the appellant.

Messrs. ECKHART & MOORE, for the appellee.

Per CURIAM: This was an action of ejectment, brought by Jason Green, against Peter L. Mumper, to recover a certain strip of land twenty chains long, thirty-six links wide at one end and twenty-five at the other, containing two-thirds of an acre, being a part of the north-east quarter of section 4, township 15, range 7, east, in Douglas county. The parties have had two trials in the circuit court, both resulting in a judgment in favor of the defendant. The first was before the court without a jury, the second before a jury. It is not claimed in the

argument that the court erred in the admission or exclusion of evidence or in the instructions to the jury, but the sole ground relied upon to reverse the judgment is, that the verdict was contrary to the evidence.

The plaintiff owns lot 4, of the north-east quarter of section 4, township 15, range 7, east, and the defendant owns lot 4 of the north-west quarter of section 3, same town and range, adjoining the land of the plaintiff, and the only question in dispute is in regard to the true location of the section corner between sections 3 and 4. It is claimed by plaintiff that a certain stone pointed out by him is the place where the original corner was located by the government surveyor.

It appears from the evidence that there are two known government corners in the neighborhood of the corner in dispute, —one at the half mile corner, on the south side of section 33, township 16, north, range 7, east, known as the "locust corner," and the other on the section line between sections 3 and 4, and at the half mile corner, north of the south line of those sections. The plaintiff claims that the true corner is three chains and eighty-one links east of the locust corner, while the defendant insists that the government surveyors located the corner on the township line, a distance of three chains and fourteen links east of the locust corner, which is known as the "Niles corner."

The plaintiff, for the purpose of establishing the corner claimed by him, introduced several witnesses, and their evidence tended to show that a government mound had been erected at the point claimed, and also a survey made by one Hutchason, in 1845. On the other hand, the defendant introduced witnesses who had resided in the immediate neighborhood from an early day, to prove that as early as 1842 the corner was regarded as a lost corner, the original mound having been rooted up by hogs. He also introduced proof of several surveys,—one by Lytle, in 1851; that the surveyor, Lytle, in order to find a starting point, had to go to locust

corner, there being no corner at sections 3 and 4. Other evidence was introduced by the respective parties, bearing on the question in dispute, but it will not be necessary to go over it in detail here.

As to the true place where the corner in question was located, the evidence was conflicting, and under the uniform decisions of this court the verdict of a jury will not be set aside where the evidence is conflicting, unless clearly against the weight of evidence. (*Morgan* v. *Ryerson,* 20 Ill. 343.) Such is not this case. The question submitted to the jury was purely one of fact, for their determination, and although we might be inclined to take a different view of the evidence from that entertained by the jury, yet where they have fairly arrived at a verdict without passion or prejudice, the verdict, in the absence of error of law, must stand.

The judgment will be affirmed.

*Judgment affirmed.*