Howe v. Stratton.

---

### John Howe et al. v. Benjamin W. Stratton.

1.  VERDICT—*Where the Evidence is Conflicting.*—Where the evidence is conflicting the verdict on a question of fact will not be set aside by an appellate tribunal unless it is clearly against the weight of the evidence.

2. PRACTICE—*Judge's Decision on a Motion for a New Trial Entitled to Great Weight.*—The decision of the trial judge in passing upon a motion for a new trial is entitled to great consideration, and will not be disturbed unless it appears to be clearly and palpably against the weight of the evidence. Where there is no more than a doubt as to the correctness of the finding, it is never disturbed.

3. STATUTE OF LIMITATIONS—*Bar Removed by a Partial Payment by a Joint Debtor.*—A partial payment will remove the bar of the statute of limitations as to the joint debtor who makes it.

Assumpsit.—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed March 19, 1903.

This is a suit in assumpsit brought by Stratton against the Howes. The summons was issued February 17, 1899. With the general issue each defendant filed a plea of the five years statute of limitations. The plaintiff replied that each of the defendants had made promises to pay and had made payments on the account within five years, etc. The defendants filed separate rejoinders. The verdict was for the plaintiff, assessing his damages at $397.73. The jury also. returned two special findings, to wit:

Q. " Do you find from the evidence that both defendants, Mr. and Mrs. Howe, purchased from the plaintiff the goods in question ? " A. " Yes."

Q. " Do you find from the evidence that Mrs. Howe, the female defendant, promised or agreed with the plaintiff to pay him for the goods in question ? " A. " No."

This writ of error is prosecuted from the judgment entered upon the verdict.

The evidence of Stratton and of three other witnesses tends to show that Stratton kept a store at Hobart, Indiana, during and after the year 1888. The defendants then lived at Kensington, Illinois, where they were about to start a small store. In June, 1888, Mrs. Howe went to Stratton and asked him to sell goods to her and her husband on credit, not to exceed at any one time the value of $500. She said she had some property in Porter, Indiana, and her husband owned the place in which they lived in Kensington. Stratton told her he would look at the property and then would see her. She came again in July of

Howe v. Stratton.

the same year to find out what he would do about furnishing the goods. In the next month both defendants called upon Stratton and talked further with him upon the same subject. At the request of the defendants Stratton in September, 1888, visited them in Kensington. At this time Stratton agreed to sell them goods on thirty and sixty days credit. From then until March of the next year Stratton furnished them goods as ordered, the selections being made sometimes by Mrs. Howe and at other times by her husband. At the last date the amount of credit exceeded $500, and Stratton refused to furnish any more goods.

Stratton billed the goods to Howe, because, as he says, that was the custom of the trade. He made demand for payment twice a year until the suit was brought. Some payments were made upon the account, the last being $25, which was paid by Mrs. Howe in the absence of her husband, on July 16, 1894. Many promises were made to pay the bill. In January, 1899, Stratton and his attorney called upon the defendants and asked them to settle the account by note. This they did not want to do, saying, " We can pay you in a short time; we want more time."

While not denying the purchase and delivery of the goods or the correctness of the account, the evidence of the defendants tends to prove that at no time within the statute of limitations did Mrs. Howe promise to pay; that the store at Kensington was the individual property of John Howe; that he and his wife were never in partnership, and that she paid the $25 in July, 1894, out of Mr. Howe's money, he not being present, because Stratton said if she didn't he would clean out the house and store.

John C. Trainor, attorney for plaintiffs in error.

Jay Warner, attorney for defendant in error.

Mr. Presiding Justice Ball delivered the opinion of the court.

While the testimony is conflicting, there is ample evi-

dence in the record, if believed by the jury, to sustain the verdict. The question submitted to the jury was purely one of fact. The verdict thereon will not be set aside by an appellate tribunal, where the evidence is conflicting, unless it is clearly against the weight of the evidence. Green v. Mumper, 138 Ill. 434.

Further, on the motion for a new trial defendants alleged that the verdict was against the evidence. In such a case the trial judge reviews the testimony, considers the manner and intelligence of the witnesses, and all the other facts and circumstances of the trial which tend to contradict or to support the evidence given, and then decides the motion. Having so done, his decision upon appeal is entitled to great consideration, and will not be disturbed unless it appears to be clearly and palpably against the weight of the evidence. When there is no more than a doubt as to the correctness of the finding, it is never disturbed.

By its special finding the jury decided that Mrs. Howe did not agree to pay for these goods. That finding is not repugnant to the general verdict. Suppose she did not promise; she made a payment upon account within five years next prior to the date when this action was commenced. It is inherent in the general verdict that she was a joint promisor. A partial payment will remove the bar of the statute of limitations as to the joint debtor who makes it. Kallenbach v. Dickinson, 100 Ill. 427. Where she got the money to make the payment is immaterial, so long as she paid it upon the joint account.

We have carefully examined the instructions given, and those refused. The former are fair and fully state the law applicable to the facts; the latter were properly refused.

There is nothing in the remarks of the court, to which objection is made, when taken in connection with the instructions given, that could have misled the jury.

Finding no substantial error in the record, the judgment of the court below must be affirmed.