Clarence Smith, Appellee, v. Floyd Carter and George Carter, Trading as Ozark Express, Appellants.

Opinion filed November 8, 1939.

Wilbur C. Schwartz, of St. Louis, Mo., William M. P. Smith, of Edwardsville, and Wheeler, Oehmke & Dunham, of East St. Louis, for appellants.

Geers & Goodman, of St. Louis, Mo., for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

Plaintiff, Clarence Smith, sustained serious and permanent injuries in a collision between a Buick pickup truck in which he was riding as a guest passenger and a heavily loaded International stake body truck owned by the defendants Floyd Carter and George Carter as

coparters and driven by their servant. The collision occurred at night on Highway No. 67 in Madison county. Plaintiff instituted suit charging specific and general negilgence. Defendants denied all charges of negligence and a trial was had in the Madison circuit court before a jury resulting in a verdict for $6,000 in favor of plaintiff. The defendants have appealed and rely upon the following alleged errors for reversal:

1. The verdict and judgment are clearly against the manifest weight of the evidence in the case.

2. The court erred in refusing to grant a new trial on the ground that Joseph Voudrie, one of plaintiff's witnesses, committed perjury in certain material respects.

3. The court erred in refusing to direct a verdict in favor of the defendants.

4. The court erred in excluding certain material spontaneous *res gestae* exclamations of David Goldford, one of defendants' witnesses.

The collision occurred on a level straight stretch of concrete highway on a clear night. The plaintiff claims that the defendants' truck bore across the black line and onto plaintiff's side of the slab and there collided with the car in which plaintiff was a passenger. Defendants claim that the Buick in which plaintiff was riding struck another car in front of defendants' truck and thence careened across the highway and then over to defendants' side of the highway and there collided with defendants' truck. The evidence on these issues was conflicting. The plaintiff produced two eyewitnesses who corroborated his own testimony and supported his theory that the collision was due to negligent operation of defendants' truck. The witnesses were subjected to extensive cross-examination. The physical facts, including the condition of the highway at the place of collision and the position and condition of the involved trucks immediately after the collision, do not necessarily lead to a conclusion contrary to the

verdict of the jury. The weight to be given to the evidence was for the jury's determination. The jury found for the plaintiff on the controverted issues. The trial judge who saw and heard the witnesses added his approval by refusing to set the verdict aside. We cannot say that the verdict is so contrary to the weight of the evidence as to require a reversal. The plaintiff was seriously and permanently injured. Defendants do not urge that the verdict is excessive. There is nothing in the record to indicate that the verdict was the result of passion or prejudice. "The question submitted to the jury was purely one of fact for their determination and although we might be inclined to take a different view of the evidence from that entertained by the jury, yet where they have fairly arrived at a verdict without passion or prejudice the verdict in the absence of errors of law must stand." *Green v. Mumper*, 138 Ill. 434, 28 N. E. 1075.

The defendants further contend that this court erred in refusing to grant a new trial on the ground that Joseph Voudrie, one of plaintiff's witnesses, committed perjury in certain material respects. Voudrie testified that he saw the collision; that plaintiff's Buick was on its side of the road at the time of the collision; and that plaintiff's car did not collide with another car just prior to collision with defendants' truck.

Defendants in support of motion for new trial submitted affidavits of three persons which tend to contradict the testimony of Voudrie. However, they fail to sustain the charge of perjury. They do not show that Voudrie "knowingly and corruptly swore falsely" as to material issues. At most they show that affiants would swear that the collision did not occur in the way Voudrie testified it did and further that Voudrie was not in the position he claimed to have been in at the time of the collision. Other witnesses so contradicted Voudrie at the trial. Defendants claim in effect that if given a new trial they can produce additional evidence to contradict Voudrie.

"The rule is well settled that when the new evidence tends merely to discredit or impeach another witness it will not satisfy the requirements of the law for a new trial." *Bemis v. Horner*, 165 Ill. 347, 46 N. E. 277.

Two of the witnesses whose affidavits are submitted in support of the motion for new trial were known to defendants at the time of the trial. One had been subpoenaed and was in attendance at the trial, but was not called to testify. The other was known to defendants to be in quarantine at the time of trial, yet they did not request any continuance on account of his absence. The evidence of the third affiant would be merely cumulative. "It cannot be the practice of courts to allow important matters to go to trial and because one party is not satisfied with the results of it, let him go out and try to get facts which will enable him to do better at another trial and rely upon such after ascertained matters as a basis for a new trial. In such case the courts require that the newly discovered evidence shall be material and shall not be cumulative and that due diligence has been exercised to procure it." *Chicago & A. Ry. Co. v. Raidy*, 203 Ill. 310, 67 N. E. 783; *Graham v. Hagmann*, 270 Ill. 252, 110 N. E. 337.

Defendants contend that the motion for directed verdict should have been allowed because plaintiff failed to show that he was in the exercise of due care. Plaintiff was a guest passenger and defendant argues that it was his duty to warn or caution the driver of his car against the danger of collision which must have been apparent to plaintiff. Due care may be shown by direct evidence or by facts and circumstances which lead to a reasonable inference of due care. "A passenger in an auto need not warn the driver of the approach of other autos which the driver sees." (*Hagen v. Bailus*, 283 Ill. App. 249.) To the same effect are *Schultz v. Live Stock Nat. Bank of Chicago*, 278 Ill. App. 623; *St. Clair Nat. Bank v. Monaghan*, 256 Ill. App. 471, and *Greene v. Citro*, 298 Ill. App. 25,

18 N. E. (2d) 237. In *Hoffman v. Yellow Cab Co.*, 238 Ill. App. 269 the passenger failed to warn the driver of the approach of the other auto. It was held that it must be presumed that the driver saw the approaching auto but even if the driver did not it was a question of fact to be determined by the jury whether plaintiff was guilty of contributory negligence. We cannot say that the jury was not justified in finding that plaintiff was in the exercise of due care.

It is urged also that the court erred in excluding certain material spontaneous *res gestae* exclamations of David Goldford, one of the defendants' witnesses. One of the factual issues in this case was whether the car in which plaintiff was riding collided with David Goldford's car immediately before the collision with the defendants' truck. Defendants' witness Larch attempted to relate that immediately after the collision David Goldford rushed up to the scene and exclaimed that the car (of plaintiff) hit him and witness Rutledge attempted to testify that at about the same time and place Goldford said: ''Did you see what those guys (plaintiff and associates) did to me?'' Objections to these items of testimony were sustained. That ruling, however, could not have been prejudicial because David Goldford was a witness at the trial and testified fully as to what ''those guys did to him'' and that they hit him. It is not thought that proof that he previously made the same statements as a part of the *res gestae* would so strengthen his testimony at the trial as to probably change the result.

We do not find any errors herein which require a reversal. The judgment of the circuit court is affirmed.

*Judgment affirmed.*