Wallace Lasko, Appellee, v. Vern Meier, Appellant.

Gen. No. 9,469.

6

Heard in this court at the October term, 1945. Opinion filed October 23, 1945. Released for publication November 19, 1945.

OMER Poos, of Hillsboro, for appellant.

J. D. WILSON, of Nokomis, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is a personal injury suit growing out of a collision between two automobiles.

Defendant appeals from a judgment of $8,000 for the plaintiff based on a verdict.

The collision occurred on July 28, 1940, about 2: 00 p. m. in the northeast quarter of the intersection of Vine and Central streets in Nokomis, Illinois. Each street was from 30 to 40 feet in width.

The plaintiff was in the front seat of an automobile owned and being driven by his brother, Leo, in a northerly direction on Vine street. The defendant, Vern Meier, was driving his father's car in a westerly direction on Central street. The right front of the

car driven by the defendant struck the right rear corner of the car in which the plaintiff was riding.

The plaintiff was very severely injured. No claim is made that the judgment is excessive.

The first contention of the defendant is that the complaint does not state a cause of action in any manner against the defendant Vern Meier.

The suit was originally brought against both Ferd Meier and Vern Meier. Ferd Meier was the father of Vern Meier and owned the automobile driven by Vern Meier. At the conclusion of the plaintiff's evidence the suit was dismissed as to Ferd Meier on the motion of the plaintiff.

So far as the question is raised concerning the sufficiency of the pleadings, the complaint, consisting of one count, charged "that the defendant, Ferd Meier, was the owner of and through his agent, servant and son, Vern Meier, was possessed and had control of an automobile . . .; that the defendant, Ferd Meier, through his agent, son and servant, Vern Meier, not regarding his duties in the premises, then and there did one or more of the following acts: (a) So carelessly and negligently drove and managed his said automobile west at a speed of fifty miles per hour on said west Central Street at or near said intersection; or (b) operated his said motor vehicle at a rate of speed in excess of the amount that was reasonable and proper, contrary to Section 49" of the statute; "that by means of the premises and the negligence of the defendant as aforesaid, and as a direct and proximate result thereof, said automobile of the defendants ran upon, against and collided with the said automobile in which the plaintiff was riding, and plaintiff was thrown through the windshield . . . and thereby injured."

Defendant made no motion to strike the complaint, but merely filed an answer which categorically denied each paragraph of the complaint. At the conclusion

of the plaintiff's evidence, and again at the conclusion of all the evidence, the defendant made a written motion for a directed verdict. After verdict the defendant filed a written motion for a judgment notwithstanding the verdict, and a written motion for a new trial. No one of such motions raised the question of the sufficiency of the complaint, but such question has been raised for the first time in this court of review. In this state of the record, all intendments are in favor of the verdict and judgment. (*Connett v. Winget,* 374 Ill. 531.) A verdict will aid a defective statement of a cause of action by supplying facts defectively and imperfectly stated or omitted. (*Grace & Hyde Co. v. Sanborn,* 225 Ill. 138, 140.)

It is our opinion that the complaint in the present case, although informal, stated sufficient facts on which to base the verdict and judgment.

The next contention of the defendant is that the plaintiff must prove "that . . . the plaintiff himself was in the exercise of due care and caution for his own safety at and prior to the time of the accident in question, and that he warned the driver to call his attention to the apparent danger," and that a judgment should be entered in favor of the defendant "because the record shows that the plaintiff was guilty of contributory negligence as a matter of law, convicted thereof by his own unquestioned statements."

Defendant has not argued that the evidence does not show that the defendant was guilty of actionable negligence. Therefore it is unnecessary for us to discuss the evidence relating thereto.

The substance of the argument of the defendant is that from the testimony of the plaintiff and of his brother "it can conclusively be seen . . . that the plaintiff did not give the driver of the car (his brother) any warning whatsoever of the danger or try to avoid it," and that therefore the plaintiff was guilty of con-

tributory negligence as a matter of law. Such argument necessitates a statement of the testimony of the two brothers as to what occurred at and immediately prior to the time of the collision.

At the time of the collision the plaintiff was aged 19 years. His brother was "older," and the brother owned and was driving the automobile in which they were riding. The plaintiff and his brother each testified that as the car in which they were riding approached the intersection, and thereafter until the time of the collision, it was traveling about 20 miles per hour.

The plaintiff testified that "about 15 feet from the intersection I looked to see if there were any cars coming and I saw one coming from the right about 60 or 80 feet down the road, and we were practically in the intersection by then, and we just kept on going"; that when he saw the defendant's car coming down Central street it was going between 60 and 65 miles per hour; that when the defendant "saw we were in the intersection he applied his brakes" and his car skidded into the Lasko car; that he first saw the defendant's car when the Lasko car was 15 feet from the intersection, and he did not tell his brother to stop and did not say anything to his brother, although the Lasko car while going at a speed of 20 miles per hour could in his opinion be stopped in a distance of from three to five feet.

Leo Lasko testified that he was about ten feet south of the south line of the intersection when he first saw the defendant's car, that as he approached the intersection he looked towards the left and saw nothing coming, that he then looked east and when about ten feet south of the intersection saw the defendant's car for the first time, the defendant's car was then "a good ways back," about 80 or 90 feet east of the intersection, and that he, Leo Lasko, then started across and was almost across the intersection at the time of

the collision. He further testified that his brother, the plaintiff, did not say anything to him.

In support of his contention that the plaintiff was guilty of contributory negligence as a matter of law because he did not tell his brother to stop and did not say or do anything, the defendant has cited: *Grifenhan v. Chicago Rys. Co.*, 299 Ill. 590; *Dee v. City of Peru*, 343 Ill. 36; *Briske v. Village of Burnham*, 379 Ill. 193; *Morgan v. Rockford, B. & J. Ry. Co.*, 251 Ill. App. 127; *McDermott v. McKeown Transp. Co.*, 263 Ill. App. 325; *Walker v. Illinois Commercial Telephone Co.*, 315 Ill. App. 553, and other cases.

The defendant has cited: *Fisher v. Johnson*, 238 Ill. App. 25; *St. Clair Nat. Bank of Belleville v. Monaghan*, 256 Ill. App. 471; *Rhoden v. Peoria Creamery Co.*, 278 Ill. App. 452; *Smith v. Courtney*, 281 Ill. App., 530; *Serletic v. Jeromell*, 324 Ill. App. 233, and other cases. We do not consider there is any difference in the rules of law stated in such cases.

We do not consider it to be the law that in every case a guest or passenger is guilty of contributory negligence merely because he says or does nothing at the time of or immediately before an accident. We believe in many cases a jury could well believe that the highest degree of caution in a particular case may consist of inaction on the part of a guest or passenger. Of course a correct decision in any case depends largely upon the particular facts in such case. There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In a variety of circumstances which constantly arise it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances. (*Stack v. East St. Louis & Suburban R. Co.*, 245 Ill. 308.) Contributory negligence becomes a question of law only when it can properly be said

that all reasonable minds would reach the conclusion, under the facts stated, that such facts do not establish due care and caution on the part of the person charged therewith (*Thomas v. Buchanan,* 357 Ill. 270, 277) and the question of contributory negligence is ordinarily a question of fact for a jury to decide under proper instructions. (*Smith v. Courtney,* 281 Ill. App. 530.)

Assuming that the Lasko car was traveling 20 miles per hour at and immediately before the accident, then it was moving about 30 feet per second. Assuming that the plaintiff did not see the defendant's car until the Lasko car was 15 feet from the intersection, then the Lasko car entered the intersection within about half a second after the plaintiff first saw the defendant's car. There is no evidence tending to show that the plaintiff's brother, who was driving, did not see defendant's car at about the same instant that plaintiff first saw such car, and no evidence tending to show that plaintiff had any reason to believe that his brother did not then see such car or would not take the proper precautions in driving his car. When the plaintiff first saw the defendant's car the plaintiff was then confronted with a sudden and apparent danger, and the obligation rested upon him to exercise ordinary care for his own safety, but did not require him to act with the same deliberation and foresight which might be required under ordinary circumstances. (*Synwolt v. Klank,* 296 Ill. App. 79, 85; *Barnes v. Danville St. R. & Light Co.,* 235 Ill. 566.)

Under the particular facts in this case we do not feel that all reasonable minds would reach the conclusion, or that we can properly say, that the plaintiff was guilty of contributory negligence as a matter of law.

As to instructions, the defendant complains as to only two instructions given at the request of the plaintiff, and as to the refusal of only three instructions asked by the defendant but refused by the court.

It is our opinion that the given instructions correctly stated the law. It is also our opinion that the refused instructions were fully covered by other instructions given by the court.

The judgment of the trial court is affirmed.

*Affirmed.*