**Helen L. Leonard, Administratrix of the Estate of Ross Vincent Leonard, Deceased, Plaintiff-Appellant, v. Carl Murphy and Margaret Murphy, Defendants-Appellees.**

**Gen. No. 10,085.**

Third District.

February 26, 1957.

Released for publication March 14, 1957.

40

Omer Poos, and Vandever and Vandever, of Hillsboro, for appellant.

Rinaker, Smith and Hebron, of Carlinville, Bullington and Bullington, of Hillsboro, for appellees.

JUDGE ROETH delivered the opinion of the court.

This is an action brought by plaintiff, Ross Vincent Leonard, against the defendants, Carl Murphy and Margaret Murphy, growing out of a collision between the car of defendant Carl Murphy driven by Margaret Murphy, and an automobile driven by one Mike Snopko in which the plaintiff was riding. The issues were tried before a jury and on March 16, 1955, the jury returned a verdict finding defendants not guilty. On April 4, 1955, plaintiff filed a motion for new trial. The motion for new trial was denied November 21, 1955, and judgment entered on January 18, 1956. This appeal followed. Pending the hearing on this appeal the plaintiff died and his wife, Helen L. Leonard, as administratrix of his estate, was substituted as plaintiff.

The record shows that the plaintiff had asked a neighbor, Mike Snopko, to his home the morning of September 15, 1952, to help him repair a refrigerator. After working with the refrigerator, the two of them drove into Farmersville in Snopko's car for the purpose of replacing or repairing a broken part to the

refrigerator. On returning home they were proceeding in an easterly direction upon a gravel road, with Snopko driving and the plaintiff seated at his right. The gravel portion of the road was 20 to 22 feet in width. The entire road from fence to fence was approximately 32 feet in width.

The defendant Margaret Murphy was traveling in a northerly direction along a North-South road that intersected with the gravel road upon which Snopko was driving. This road was approximately 22 feet in width from ditch line to ditch line. A strip from 10 to 11 feet in width down the center of the North-South road was oiled. It appears that the oiled portion of the North-South road did not intersect the East-West road. It stopped at the south line of the East-West road. The oiled portion then continued at the north line of the East-West road continuing northward. The undisputed testimony reveals that the view of plaintiff, Snopko, the driver, and Margaret Murphy the defendant, was unobstructed. The southwest corner of the intersection is an open field. These physical facts are graphically portrayed by the photographs admitted in evidence.

The only witnesses to testify about the collision were the plaintiff and Snopko the driver. The defendant Carl Murphy was not present at the time of the accident and Margaret Murphy testified that she had no recollection of the collision or events immediately prior thereto, having sustained a severe head injury and lost all memory of the events.

Plaintiff and Snopko testified that as they approached the intersection in question they were traveling 35 or 40 miles an hour. Plaintiff testified that at about 330 to 340 feet from this intersection he looked to the right and saw the Murphy car heading in a northerly direction; that at the time the Murphy car was approximately 730 to 740 feet south of the inter-

42

section. He next saw the Murphy car, when the car in which he was riding had entered the intersection. At that time the Murphy car was approximately 20 feet south of the intersection. He further testified that the impact took place when the front of the Snopko car was 6 feet east of the east line of the oiled portion of the North-South road and that the front of the Murphy car struck the right side of the Snopko car, the impact being at the rear of the front door and the rear of the front fender on the right side.

Snopko testified that he first observed the Murphy car when his car was approximately 350 feet west of the intersection and the Murphy car was approximately 750 to 775 feet south of that intersection. That he next saw the Murphy car after the front of his car had entered the intersection to a point where the front seat of his car was about even with the west ditch of the North-South road and that the Murphy car was from 25 to 30 feet south of the intersection. He testified that the front of his car was 6 feet to the east of the east line of the oiled portion of the North-South road at the time of the collision. Plaintiff and Snopko both testified that the impact forced the Snopko car a distance of approximately 30 feet north and 10 feet east of the intersection facing in a northeasterly direction. The Murphy car came to rest at a point about 30 feet east of the east line of the North-South road facing in a northeasterly direction on the north side of the East-West road. They both testified that plaintiff immediately prior to the collision said, "Here we go". The testimony as to the widths of the roads, the lack of obstruction in the southwest corner of said intersection, and the relative position of the cars after the collision is substantiated by other witnesses for both sides.

Defendants' witnesses testified that they observed skid marks in the oiled section of the road and that

43

these skid marks started at a point approximately 20 to 25 feet south of the intersection and ran north to the south end of the gravel road veering slightly to the right before they came to a stop. The only testimony regarding the speed and distances of the two vehicles is that by Snopko and the plaintiff and it appears from that testimony that the Murphy car was traveling approximately twice the speed as that of the car in which the plaintiff was riding. From the testimony of witnesses, the evidence that the right side of the plaintiff's car was struck by the front of the Murphy car, the place where the impact occurred, the relative position of the two cars after the accident, and the skid marks in the 11 foot oiled strip, the record clearly indicates that the car in which plaintiff was riding was the first to enter the intersection.

In this state of record, in a case involving an intersection collision and the rules applicable to right of way, it was imperative that the jury be properly instructed as to the law.

■ ■ It is urged by plaintiff that defendants' instruction Number 4 was erroneous. Instruction Number 4 was:

"You are instructed that the Statute of this State provides that motor vehicles traveling on public highways shall give the right of way to vehicles approaching along intersect*iong* highways from the right and shall have the right of way over those approaching from the left. A vehicle is approaching an intersection from the right, within the meaning of the Statute, and entitled to the right of way when, on its left, on an intersecting street, another vehicle is approaching whose driver, in the exercise of due care, would or should see that, considering the relative distances and speed of the vehicles, unless he yields the right of way, the vehicles may or will likely collide."

An almost identical instruction was held by this court to be an incorrect statement of the law and very misleading in Alexander v. Sullivan, 334 Ill. App. 42, 78 N.E.2d 333. In that case we said,

"The instruction in substance and effect placed no duty whatever on the defendant and told the jury that the defendant's car had the right of way regardless of its speed and what distance it was away from the intersection when the plaintiff's car entered the intersection." Citing Salmon v. Wilson, 227 Ill. App. 286; Heidler Hardware Lumber Co. v. Wilson & Bennett Mfg. Co., 243 Ill. App. 89.

It has been repeatedly held by the courts of this state that the statute on right of way does not contemplate that this right may be invoked, when the car from the right is so far from the intersection at the time the car from the left enters upon it, that with both running within recognized speed limits, the latter will reach the line of crossing before the former will reach the intersection.

Plaintiff also urges that defendants' instruction number 5 was erroneous and that instruction states:

"You are instructed that if you believe from the evidence in this case that the plaintiff and the defendant were both approaching the intersection in question at about the same time and at about the same speed and distance from said intersection, it was the duty of both drivers to proceed with due care and caution so as not to come into collision with each other, and if you believe from a preponderance of the evidence, that both failed in this respect, and that a collision resulted, from which either or both suffered damages, neither can recover from the other."

This instruction can have no application to the case at bar. It contemplates a situation where the driver of one car is suing the driver of the other car

45

who in turn has counterclaimed for his damage. It undertakes to say, that if both were negligent neither can recover from the other. Here the suit is by a passenger in one car against the driver of the other car. Also the uncontradicted evidence indicates that the vehicles were not approaching the intersection at about the same speed and distance from the intersection. This instruction should not have been given.

Plaintiff also contends that the giving of defendants' instruction Number 6 was error. This instruction states:

"You are instructed under the law that the mere fact that the plaintiff was a guest or passenger in the automobile in which he was riding at the time of the collision in question, does not excuse him from the duty of exercising due care and caution for his own safety, and if he was in a position in the automobile where he could by the exercise of reasonable care on his part, have seen that a collision was imminent, it was his duty, under the law, to warn the driver of the automobile of such danger in time for him to have avoided the same, if possible."

Plaintiff contends that the instruction is erroneous, because it in effect, instructs the jury that the passenger must warn the driver of his car of danger and his failure to do so is contributory negligence as a matter of law. He cites the cases of Lasko v. Meier, 327 Ill. App. 5, 63 N.E.2d 531, Staikoff v. Illinois Terminal R. Co., 8 Ill.App.2d 562, 131 N.E.2d 818; Tucker v. Kallal, 350 Ill. App. 325, 112 N.E.2d 731.

The law is well settled in this state, that in a case such as the one at bar, the essential question is whether the guest passenger was or was not exercising due care for his own safety. This question is essentially one of fact to be determined by the jury. There is no rule of law which prescribes any particular act to

be done or omitted by a person so situated. The only requirement of the law is that the conduct of such a guest passenger shall be consistent with what a man of ordinary prudence would do under like circumstances. Lasko v. Meier, 327 Ill. App. 5, 63 N.E.2d 531, affirmed 394 Ill. 71, 67 N.E.2d 162. The law is likewise well settled that a passenger is under no duty to warn the driver of the approach of another automobile which the driver sees. Staikoff v. Illinois Terminal Railroad Co., 8 Ill.App.2d 562, Smith v. Carter, 302 Ill. App. 235, 23 N.E.2d 738, Stitzel v. Johnson, 331 Ill. App. 609, 73 N.E.2d 653, Price v. Chicago Transit Authority, 351 Ill. App. 376, 115 N.E.2d 345. Defendants' instruction Number 6 told the jury as a matter of law that plaintiff was under a duty to warn the driver of the car in which he was riding. While the instruction is not peremptory, the jury might well have concluded that a failure to perform the duty which the court, by the giving of this instruction, said plaintiff had, barred him from a recovery in this case. This, in our opinion, took the question of fact away from the jury's determination.

Defendants contend that the instructions given and complained of by the plaintiff come within the harmless error rule. While it is true that if after considering the instructions, the court is of the opinion that substantial justice has been done and that the instructions, though improper, could not affect the result, the decision will not be reversed; however, the errors in the instructions which we have pointed out, in view of the testimony in this case, are of such a serious nature that we cannot hold them harmless. No instructions appear to have been given at the trial which would correct the errors committed. The judgment of the Circuit Court will be reversed and the cause remanded for a new trial.

Reversed and remanded.